## WARING *vs.* McKINLEY.

A justice of the peace, having two offices, in his town, one at B. and one at H., at which courts were held and summonses made returnable alternately, issued a summons returnable at his office in H., on a day named. The constable, in serving the summons, pretended to read it, or state its contents, to the defendant; according to which statement the process was returnable at the office of the justice in B. The summons was returned personally served. The defendant failing to appear at H., on the return day, a judgment was there rendered against him, in his absence. *Held* that the process was not duly served, and hence the justice never acquired jurisdiction of the person of the defendant.

If process has been defectively served, or not served at all, the defendant cannot come into court and by plea or answer set up such defect or want of service, to defeat the action  The issue to be joined and tried relates to the merits, and not to the practice in the suit.

But the defendant may come in, and by affidavit show the error, and ask a dismissal of the proceedings; and if the justice disregards his objections he may, on appeal from the judgment, have a review of the question, and thus obtain the relief denied him in the court below.

If the defendant has no notice of the suit, before judgment, then his only remedy is by appeal, under section 366 of the Code.

Waring *v.* McKinley.

On an appeal under that section, the defendant may, by affidavit, allege the defect or want of service of the summons; and if the error so alleged is established, relief will be granted.

It is erroneous to hold that a constable may, by a false return of personal service of process when none was in fact made, enable a justice to render a judgment against the defendant which the latter cannot avoid or get rid of, unless he shows, affirmatively, a valid defense, or that " manifest injustice has been done."

The return of a constable is presumptive evidence of the service of process in the manner stated in the return. But such presumption may, at the proper time and in the proper manner, be overcome.

As against the party instituting proceedings, it should be competent to show that certificates of public officers, designed to confer jurisdiction, are false or fraudulent. *Per* MULLIN, J.

APPEAL, by the defendant from a judgment of the county court of Oswego county.

The action was commenced in a justice's court, by summons issued by Mars Nearing, Esq., a justice of the peace of the town of Hastings, in the county of Oswego, on the 14th day of June, 1860, and returnable on the 18th day of June, 1860, at his office at Central Square, (Hastings,) in said town. The justice had two offices at which he made his summonses returnable, and held his courts alternately, one at Central Square, in said town, and one at Brewerton, three and a half miles distant from Central Square. The summons was served by D. Buxton, constable, who served it by pretending to read it to the defendant, or by stating the contents thereof. The constable stated to the defendant, that the summons required him to appear at the office of said justice at Brewerton, in said town, on the 18th day of June, 1860, at 9 o'clock A. M. On the 18th day of June, 1860, the defendant appeared at the justice's office at Brewerton, at the time said summons was stated to be returnable, and there waited one full hour after 9 o'clock, and the justice or plaintiff not appearing the defendant supposed the suit abandoned, and returned to his business. Some five days afterwards, he saw the justice at Syracuse, and on inquiry, learned from

him, that on the 18th day of June aforesaid, said action was called at the justice's office at Central Square, and adjourned on motion of the plaintiff. On the adjourned day the plaintiff appeared and proceeded with the case, and obtained a judgment against the defendant for $22, damages and costs.

The defendant appealed to the county court of the county of Oswego, from said judgment, and alleged error in fact. The county court affirmed the judgment. The court intimated on the argument of the case, that it could not relieve the appellant, as it did not appear that injustice had been done him by the judgment. On the statement of the appellant's attorney, that it was a case of error in fact, and that he claimed a reversal of the judgment as a right, on the ground of such error, the court stated that the return of the constable gave the justice jurisdiction and was conclusive, and the defendant having been informed of the time to which the cause was adjourned, if he did not appear it was his own fault.

*B. G. Lewis*, for the appellant.

I. This case was taken to the county court, upon appeal from a judgment rendered in a justice's court, upon error in fact, alleging that the summons was not served on the defendant, and that he had no notice of the action or any proceeding against him until the suit had been called and adjourned, on motion of the plaintiff. That if the summons was pretended to be served, it was so improperly served, and in such a manner as not to apprise the defendant of its nature and effect, and the defendant was thereby misled to his injury.

II. It is not entirely clear from the return, whether there were three summonses or but one. The justice in his original return points out one issued on the 14th day of June, and returnable on the 18th day of June, at Central Square. In his affidavit made in the case, he points

out one issued·on the 14th day and returnable on the 19th day of June,· at Central Square. The constable served one, which he states in his return to have been returnable at Brewerton, on the 18th day of June, a place different from that where those mentioned by the justice were returnable, and the justice repeats, in his affidavit, that the summons was returnable on the 19th day of June, at Central Square..

III. Whether the constable had the three summonses pointed out by the return and affidavits, and only served the one returnable at. Brewerton, or whether he, through mistake, or with intent to mislead the defendant, served the one returnable at Central Square, improperly and incorrectly, is left entirely in the dark, and nothing appears on the part of the respondent or the constable, to explain those acts or enlighten in the matter; and no reason is assigned why they are not explained; or whether the constable, as he might have done, made his return on the wrong summons.

IV. That a summons was served on the defendant, requiring him to appear at Brewerton, is nowhere disputed; and the precise manner in which the constable served it, seems to be admitted, and is not denied. And that no summons was ever served on the defendant in favor of the plaintiff, to appear at·Central Square or any other place, is nowhere disputed·or denied. These facts are conclusive.

· V. The statute points out the mode of service to be pursued by the constable, which is by reading the same·to the defendant. This means reading the summons as it really is, and not falsely or incorrectly, or by omitting an important portion of it, and substituting something outside the summons, which will mislead the defendant, and deprive him of his day in court; and other service not directed by statute, is in fact no service, legally speaking. (2 *R*. *S*. 160, § 15.)

VI. If the constable served the summons mentioned in

the justice's return, or in his affidavit, it is certain that he served it improperly and incorrectly, and not as required by statute. The constable might return the summons personally served, and still be unable to make a truthful affidavit that he served it properly, and as pointed out by statute.

VII. The return of the constable is so far conclusive, that if nothing to the contrary is shown, and no irregularities appear, it gives the justice jurisdiction to proceed in the action, and his judgment cannot be controverted collaterally, on that ground. But when, on appeal upon error in fact, the fact appears conclusively and undisputed that the summons was not personally served, or so defectively and improperly served as not to be a compliance of the statute, the judgment will be reversed as entirely void. (*Fitch* v. *Devlin,* 15 *Barb.* 47. *New York and Erie Railroad* v. *Purdy & Adams,* 18 *id.* 574. *Wheeler* v. *The Harlem Railroad, &c.,* 24 *id.* 414. *Carroll* v. *Goslin,* 2 *E. D. Smith,* 376. *Kendall* v. *Washburn,* 14 *How. Pr.,* 380. 10 *Wend.* 300. 17 *id.* 93.)

VIII. This right of the defendant is not waived or cured by the casual suggestions out of court, as to the time to which the suit had been adjourned. These suggestions were of no legal importance, and the justice has no right to act upon his own knowledge or facts picked up out of court. The defendant had a right, even upon this information, to have appeared in court and made his objections to the jurisdiction, or to plead the want of service of process; and nothing is waived by his default in not appearing; and the objections are now taken on this appeal. Regular jurisdiction must first be obtained of the person of the defendant; otherwise the proceeding will be irregular and void, and the defendant is not bound to take notice of any subsequent proceeding. (*Tenny.* v. *Filer,* 8 *Wend.* 567. *Kimball* v. *Mack,* 10 *id.* 497. *Fanning* v. *Trowbridge,* 5 *Hill,* 428. *Lester* v. *Crary,* 6 *Denio,* 81.)

IX. The right of the defendant to be relieved in cases like the present, upon assignment of error in fact, has always been secured in some form; and all judgments rendered upon such error, have uniformly been reversed and declared void by the court, whenever such errors have been made to appear. (*Harvey* v. *Rickett*, 15 *John.* 87. *Rose* v. *Smith*, 4 *Cowen*, 17. *Bruen* v. *Bokee*, 4 *Denio*, 58. 12 *Wend.* 167.)

X. Whether the summons was so defectively served as not to be a compliance with the statute, or whether it was not served at all, though in either case, it is returned personally served, there can be no difference as to the effect. If the return be impeached or disproved at all, it can in either of the above cases; and it seems that upon authority it can be disproved in either case. (7 *How. Pr*, 297. 16 *id.* 567.) Judgments in justices' courts, at this day, have became of some importance, and to take the position that because the constable returns the summons personally served, the party is concluded and has no remedy, when in fact the summons has not been served, and the defendant is ignorant of any proceeding against him, is too inequitable and absurd to be admitted. The same statute that makes the return of the constable authority for the justice to proceed, says the defendant shall be served with the summons by its being read to him by the officer who served it; and a violation of either would oust the justice of jurisdiction when the fact appears.

XI. If the summons mentioned in the affidavit of the justice is the one upon which the judgment was rendered in this action, as stated in said affidavit, then certainly the whole proceeding is void, as the summons is returnable five days from the time it was issued, and such a summons is not authorized by statute, and void. (2 *R. S.* 204, § 292. 9 *Barb.* 60. 13 *id.* 634.) The defendant not appearing in the court below, raises this jurisdictional question on appeal.

XII. The case is clearly one in which the defendant should have been relieved on appeal, and the judgment of the county court should be reversed.

*C. W. Avery,* for the respondent.

The only error complained of on the part of the appellant was that the constable who served the summons stated, at the time of the service thereof, that it was returnable before said Justice Nearing, at Brewerton, in said town, instead of Central Square, in said town. The county court properly affirmed the judgment of the justice.

I. The case shows the summons properly issued, served and returned; and if so, the appellant could not take advantage of the falsity of the return in the action in which it was made. The return of the officer is the evidence upon which the statute authorizes and requires the justice to proceed, and if the return be false, the appellant's only remedy is against the constable for a false return. (*See* 1 *Cowen's Treatise,* 355, 3d ed.; 3 *Wend.* 202, 204, 205; 14 *John.* 481; 2 *Cowen,* 413.)

II. A defendant must not only excuse his default, under section 366 of the Code, but he must go further. He must show that manifest injustice has been done. A bare affidavit of merits is not sufficient. Facts must be stated, and not conclusions. To enable the court to see that such injustice exists, the nature of the defense must be made to appear. (*See* § 366 *of the Code;* 18 *Barb.* 387; 2 *E. D. Smith,* 128.) Nothing of the kind appears in the case. The affidavit of the justice, which was read on the argument before the county court, shows that the justice, the day after the summons was returnable, informed the appellant of the facts with reference to the suit; that it had been adjourned, and that he could appear on the adjourned day and answer and defend; also that he saw him on the morning of the trial at the place where the cause was to be tried, and again informed him that the

suit was to be called, and that he could appear and defend. This he declined to do. The case then shows that instead of manifest injustice being done him, manifest justice was done him, and nothing more. Hence the judgment of the justice, and that of the county court, should be affirmed.

*By the Court*, MULLIN, J. The defendant and Parker both swear that the summons was served on the defendant by the constable stating to the defendant the contents, and that by such statement it was returnable at the office of the justice in Brewerton on the 18th of June, then instant, at 9 A. M. The summons issued by the justice was returnable on the day and at the hour aforesaid, at his office in Hastings, and the summons so returnable was returned personally served by the constable. The return of the constable is presumptive evidence of the service of process in the manner stated in the return. But such presumption may, at the proper time and in the proper manner, be overcome. We have the oaths of two competent witnesses that the return is false, and the constable has not ventured to support it. Under these circumstances we must hold, as matter of fact, that the process on which the justice assumed to render judgment was never duly or legally served on the defendant, and hence he never acquired jurisdiction of the person of the defendant.

The falsity of the return, and the want of jurisdiction, seem to have been considered in the county court, and yet that court affirmed the judgment; thus holding that a constable may, by a false return of personal service of process, when none was in fact made, enable a justice to render a judgment against a defendant which the latter cannot avoid or get rid of, unless he shows affirmatively a valid defense, or that manifest injustice has been done.

I am unable to comprehend anything more manifestly unjust than a judgment rendered against a man, which

binds his person or his property, when not only no oppor-
tunity has been given him to be heard, but he has been
actually, and I think we are bound to presume, *intention-
ally*, misled as to the place at which he was requested to
appear and answer. The county court seems to have un-
derstood the word "injustice" in the 366th section of the
Code, to refer to the merits of the action, and not to the
proceedings. But in this the county judge most obviously
erred. The application before him was by affidavits to
correct an error not affecting the merits, and of which the
justice had no knowledge. This mode of proceeding is by
the statute applicable only to cases where the error does
not affect the merits; hence the injustice to be redressed
must exist elsewhere than in the merits. The affirmance
of the judgment seems to have been put upon another
ground, viz., that the justice, before the return day, in-
formed the defendant of the mistake in the return, and
offered to let him come in on the adjourned day and be
heard, which offer the defendant did not accept, and thereby
lost an opportunity to defend, by his refusal to appear as
he might have done.

Had no process whatever been issued against the defend-
ant, it would not be claimed that after notice by a justice
to a party, that he designed on a day and place named, to
try a cause between him as defendant and another person
as plaintiff, and render judgment against him if he did not
appear, such a judgment would be permitted to stand,
although the defendant did not appear. But where is the
difference between the two cases? In the one, no process
whatever issued, in the other it was not served. The last
is as fatal to the judgment as the former. But it is said
that the return of personal service gave the justice juris-
diction, and that such service cannot be assailed by plea in
the same cause, nor in any collateral proceeding. The
rule alluded to is a perfectly just and wholesome one,

Waring *v.* McKinley.

when it is properly understood and applied. If process has been defectively served, or not served at all, the defendant cannot come into court and by plea or answer set up such defect or want of service to defeat the action. The issue to be joined and tried relates to the merits, and not to the practice in the suit. But he may come in and by affidavit show the error, and ask a dismissal of the proceedings, and if the justice disregards his objections he may, on appeal from the judgment, have a review of the question, and thus obtain the relief denied him in the court below. . (*Wheeler* v. *The New York and Harlem R. R. Co.*, 24 *Barb.* 414.) If the defendant has no notice of the suit, before judgment, then his only remedy is by appeal under section 366 of the Code. On an appeal under this section, the defendant may, by affidavit, allege the want or defect of service, and if the error so alleged is established, relief will be granted. *Fitch* v. *Devlin*, (15 *Barb.* 47,) is an authority directly in point on this proposition, and decisive of it. The party injured by a false return, as to the service of process, may maintain an action against the officer making it, and in such suit recover such damages as he has sustained thereby. (*New York and Erie R. R. Co.* v. *Purdy*, 18 *Barb.* 574.) If the party injured lies by and permits a judgment to be rendered against him, when no legal service has been made upon him, he is remediless, and justly so. By lying by until judgment is recovered, the rights of third persons who had no knowledge of the defect, and who had been led to deal with the judgment as valid, are involved, and it would be alike unwise and unjust to subject them to injury by permitting the defendant to allege a defect in the jurisdiction of the court or officer rendering it, when there was a *prima facie* valid return of service. There is no such difficulty in this case. The proceedings to review the judgment are direct—not collateral; the rights of no innocent party intervene; and

the most flagrant injustice would be done if such a judgment as this could be permitted to stand.

The question whether the remedy of the party is not by action against the constable, is not in the case, and if it was I should not hesitate to hold that the party injured by the false return of process cannot be compelled to resort to any such shadow for relief. No plaintiff ought to be permitted to retain the profits of official rascality, and be enabled to say to the defendant, "It is true, you are cheated, and I am enjoying the benefits of the fraud, but you must not come to me for redress; go to the officer through whose villainy I obtained the advantage; if he is insolvent, it is your misfortune, not my fault." The day, I trust, has gone by when such an answer can be given to an injured party, by him who has received the benefits of the injury. (*Ellsworth* v. *Campbell*, 31 *Barb.* 134. *Sharp* v. *The Mayor of New York*, *Id.* 578.)

It is necessary that faith be given to official action; that for the purpose of conferring jurisdiction on courts or officers, certificates of officers should be *prima facie* sufficient; and that all persons other than the party for whose benefit the proceeding is instituted, should be protected by such certificates. But as against the party himself it should be competent to show that such certificates are false or fraudulent; that courts should have power to control the action of their officers, so as to promote justice, not defeat it. While it is not consistent with legal principles to permit a defendant, by plea, to assail service of process, it should be competent to do it by motion—to invoke the authority which the court has over its ministerial officers to protect him against manifest wrong.

In this case the remedy by appeal is clearly given, and the evil is one designed to be remedied in the manner pursued in this case. And as no legal service was ever made, the court below should have given the defendant relief.

The judgment of the county court and and that of the justice should be reversed, and a trial had before the justice who issued the process.

[JEFFERSON GENERAL TERM, October 7, 1862. *Mullin, Morgan* and *Bacon,* Justices.]