### WHEELER & WILSON MANUF'G CO. *v.* McLAUGHLIN.

*(Supreme Court, General Term, Third Department.* December 11, 1889.)

1. EVIDENCE—CONTRACTS—PROOF OF EXECUTION.
     In an action on an alleged lease of a sewing-machine, a paper purporting to be the lease cannot be admitted in evidence till its execution is proven.

2. ACTIONS—AUTHORITY TO SUE—EVIDENCE.
     Letters purporting to come from persons representing plaintiff, but whose authority does not otherwise appear, directing suit to be brought, are inadmissible.

3. WRITS—SERVICE OF SUMMONS—CONCLUSIVENESS OF RETURN.
     On the return-day named in the summons, defendant appeared specially, and moved to dismiss on the ground that service was not had on him personally, and offered to prove the fact. *Held,* that it was error to reject the evidence on the ground that the constable's return, showing personal service, was conclusive.

Appeal from Ulster county court.

Action by the Wheeler & Wilson Manufacturing Company against James McLaughlin to recover on an alleged contract for the lease of a sewing-machine. On trial before a justice of the peace, judgment was rendered for plaintiff, which, on appeal to the county court, was reversed. The letter of O. Smith, Paper B, was as follows:

"OFFICE OF THE WHEELER & WILSON MFG. CO., 454 AND 456 FULTON
STREET, TROY, N. Y

"TROY, N. Y., Sept. 1, 1887.

"*To whom it may concern:* This certifies that R. C. Bowne is our special agent at Kingston, New York, and authorized to take any legal measures in his opinion necessary to collect balance due to us from James McLaughlin and Kate Simmerly on account of leases made by them to us for sewing-machines.
"WHEELER & WILSON MFG. CO. By O. SMITH, Attorney."

The letter of Maher, Paper C, was as follows:

"BRANCH OFFICE OF THE WHEELER & WILSON MFG. CO. AT
ALBANY, N. Y.

"SEPT. 17, 1887.

"*To R. C. Bowne, Esq., Mngr. Wheeler & Wilson Mfg. Co., Kingston, N. Y.*
—DEAR SIR: We hereby authorize you to take such legal or other proceedings against McLaughlin, Minerly, or any other delinquent and fraudulent lease customers on our books at your office, as may enable you to collect the amounts due us on the machine leased, or recover possession of our property.
"Yours, truly,     WHEELER & WILSON MFG. CO. M."

These letters were unsworn statements and hearsay, and were as incompetent and improper as if the witness had written a letter, and offered it in evidence. There is no evidence that the writers of those letters were authorized by the company to bring this suit, or to have the witness Bowne bring it. The objections at folios 54 and 55 are as follows: "*Question.* Do you know in what way and method the plaintiff authorizes agents to dispose of sewing-machines? (Objected to as being improper and immaterial. Objection overruled. Defendant excepts.) *Answer.* Yes. *Q.* What is that way or method? (Objected to as improper, immaterial, and an attempt to prove a custom without laying any foundation for such proof. Objection overruled. Defendant excepts.) *A.* Upon such lease as the one in evidence, marked 'D.'" The lease marked "D," which the witness says was in evidence, had not been proved, and the "ways and methods" of the plaintiff with its agents were improper, incompetent, and immaterial.

From the judgment entered in the county court, reversing the judgment of the justice of the peace, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and PUTNAM, JJ.

*Charles Irwin*, for appellant. *John E. Van Etten & Son*, for respondent.

PUTNAM, J. This is an appeal from a judgment of the Ulster county court, reversing a judgment of a justice's court. We think that the justice before whom the case was tried made several erroneous rulings, for which the judgment was properly reversed by the county judge. For instance, Paper D was the alleged lease under which the plaintiff claims defendant had the machine which was the subject of the action. Bowne, a witness for the plaintiff, was asked: "Is this [Paper D] the lease, and are the conditions in this paper the conditions upon which the defendant came into possession of the machine? *Answer.* Yes. (Paper offered in evidence, and received.)" There was no proof in the case that it had ever been executed by the defendant. The defendant made the proper objections to the evidence. The amended return does not cure the defect. The original return showed that the lease was received in evidence on the direct examination of the witness; that defendant asked, and was refused, leave to cross-examine the witness before its reception, and it was received generally. Conceding that the conclusion of the justice as to the purpose of offering Paper D in evidence, which he gives in his amended return, instead of the evidence and proceedings on the trial, is correct, the error is not cured. It was not correct to offer such paper in evidence to show the terms of the defendant's agreement without showing its execution.

The justice also erred in receiving Papers B and C. There was no proof of the authority of Smith or of Maher. The justice also erred in overruling the objections to the questions at folios 54 and 55 of the case. It was not proper or material to show the custom of plaintiff in authorizing agents to sell sewing-machines, and the answers to the questions may have affected the finding of the jury.

On the return-day mentioned in the summons, defendant appeared by his attorney specially, and insisted before the justice that neither the summons nor any paper in the action was ever served on him personally, although, at the time of the alleged service, he was at Kingston, and offered to prove the fact, and moved for a dismissal of the suit. The court ruled that the constable's return was conclusive, and such ruling necessarily excluded the evidence offered. We think that the justice should have received the evidence offered by the respondent, and that his decision that the return of the officer was conclusive was erroneous. See *Wheeler* v. *Railroad Co.*, 24 Barb. 415; *Waring* v. *McKinley*, 62 Barb. 621. The judgment of the county court should be affirmed, with costs.