(6 Misc. Rep. 568.)

PEOPLE ex rel. KENNEY v. CORNELL, Justice of Peace, et al.

(Supreme Court, Special Term, Kings County. February 1, 1893.)

CRIMINAL LAW—PRELIMINARY EXAMINATION—PUBLICITY.

When a magistrate entertains an information or application for a warrant, he does not hold a court, within Code Civ. Proc. § 5, providing that "the sittings of every court in this state shall be public and every citizen shall freely attend the same," and therefore he may examine the witnesses on such application in private.

Application by John J. Kenney for writ of prohibition to Daniel T. Cornell to prevent said Cornell, as justice of the peace of Richmond county, from taking, otherwise than in public, the depositions of witnesses as to alleged violations of section 41 of the Penal Code. The proceedings were instituted by an information that such crimes had been committed by "John Doe" and others, and witnesses were subpoenaed, brought before the magistrate, and examined in private; that is, the public, and persons claiming to be counsel for John Doe and for the witnesses, were excluded. Denied.

George W. Wingate, for application.
Louis S. Phillips and W. A. Shortt, for respondents.

CULLEN, J. I am of opinion that the magistrate is not bound to admit the public when he entertains an information and application for the issue of a warrant. The statute provides: "The sittings of every court within this state shall be public, and every citizen may freely attend the same."[1] But the magistrate, when he receives an information, holds no court. Section 11, Code Cr. Proc., defines the courts of this state having original criminal jurisdiction, and a court of a justice of the peace is not to be found in the enumeration. He can hold a court of special sessions, but the court of special sessions has no jurisdiction to entertain an application for a warrant. Section 145, Code Cr. Proc., provides that the information is the allegation made to a magistrate, (not to a court,) and section 146 enumerates the magistrates who have power to issue a warrant of arrest. The proceeding before the magistrate is judicial, doubtless, though for some purposes it has been

[1] Code Civ. Proc. § 5.

held that he acts ministerially; but it is not a proceeding in court, nor is a court held at the time. The case does not fall within the terms of the statute. If, however, it is within the spirit of the statute, I concede, the statute should be liberally construed. Thus, probably, summary convictions before a justice of the peace should be had in public. In Crisfield v. Perine, 15 Hun, 200, it is said (it was not necessary so to hold for the decision) that a coroner's inquest is a judicial proceeding, and within the spirt of the statute. But it seems to me clear that an information is not within the spirit of the statute. The application is wholly ex parte, and its object is the apprehension of the accused, so that he may not fly from justice. It is not to try the accused. As to the examination of the accused after arrest, upon the request of the defendant, the magistrate must exclude all persons except the prosecutor and public officers. By section 39, p. 726, 2 Rev. St., it is made a misdemeanor for a grand juror or public officer to disclose the finding of an indictment for a felony, unless the defendant shall have been arrested thereon, or in actual confinement. This is to prevent the escape of the defendant. As already stated, the sole object of an information and the issue of a warrant is to bring the defendant to the bar of justice. To hold that such an application and the issue of the warrant must be in public would give the party charged the very opportunity to escape, to prevent which the statute has made the disclosure of an indictment a misdemeanor. I think, therefore, that such a proceeding not only does not fall within the spirit of the rule as to the sittings of the courts, but oftentimes would be directly opposed to the general course of criminal procedure. Application denied, with $10 costs.