(21 App. Div. 245.)

PEOPLE ex rel. BURBANK v. WOOD, Justice of the Peace, et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

PROHIBITION—WHEN WRIT ALLOWED.
 B. was arrested, and taken before a justice of the peace on a charge of violating Laws 1895, c. 974, art. 8, § 189, by dragging a rake over certain oyster beds. Held, that, even assuming that the provision making this trespass a crime is unconstitutional, yet, in view of the existence of other adequate remedies, this would not justify the issue of a writ of prohibition commanding the justice to desist from the examination of the relator.

Appeal from special term.

Application by the people, on the relation of John H. Burbank, against John B. Wood and others for an absolute writ of prohibition. From an order denying the same, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Benjamin Patterson, for appellant.

George M. Pinney, Jr., for respondents.

CULLEN, J. The relator was arrested and taken before the respondent John B. Wood, justice of the peace, on a warrant which was issued on the complaint of the respondent Sanbeg, which charged that relator had violated section 189, art. 8, c. 974, Laws 1895, by interfering with and disturbing the oysters of said Sanbeg by dragging a rake over the oyster bed. Thereupon the relator, on the claim that the provisions of the statute in question are unconstitutional and

void, obtained an alternative writ of prohibition, commanding the justice to desist from proceeding with the examination of the relator upon the charge on which he had been arrested. Upon the return to the alternative writ, the application for an absolute writ was denied, and from that order this appeal is taken.

So far as the statute in question authorized the seizure and sale of vessels and property which might be used in interfering with or disturbing oyster beds, it has been declared unconstitutional both by this court and by the court of appeals. Colon v. Lisk, 13 App. Div. 195, 43 N. Y. Supp. 364; Id., 153 N. Y. 188, 47 N. E. 302. The validity of the other provisions of the statute was not determined in that case. But, if it be assumed that the relator is right in his contention that the provision making his trespass a crime is also invalid, we do not see that that justifies or requires the issue of a writ of prohibition. The respondent Wood, as justice of the peace, has jurisdiction to examine the case when any defendant is brought before him on an arrest, charged with crime. If the relator's contention as to the law is correct, we must assume that, upon the examination, the justice will decide the law correctly, and the defendant be discharged. If held for examination, he can still raise the question of the validity of the statute when he is placed on trial, and, without even awaiting that time, he may seek his release on habeas corpus. There is thus ample opportunity to correct and redress any error that the magistrate may commit. The rule is well settled that "the writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity, or by appeal; and it is not demandable as matter of right, but of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case." People v. Westbrook, 89 N. Y. 152. "It should not issue where there are other adequate remedies." People v. Supervisors of Ulster Co., 31 How. Prac. 237. Within this rule, the application was properly denied.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.