THE BURBANKS HARDWARE COMPANY, Appellant, *v.* JOHN HINKEL,
Respondent.

*Justice of the peace — ousted of jurisdiction by unauthorized adjournments — a constable's return of service is not conclusive.*

The granting by a justice of the peace, after the defendant had retired from an action pending before him, of unauthorized adjournments therein, ousts him of jurisdiction.

A constable's return of the service of the summons in an action brought in a Justice's Court is not conclusive and may be impeached by parol evidence.

APPEAL by the plaintiff, The Burbanks Hardware Company, from a judgment of the County Court of Albany county in favor of the defendant, entered in the office of the clerk of the county of Albany on the 13th day of May, 1902, reversing a judgment rendered by a justice of the peace in favor of the plaintiff.

*W. F. Hickey,* for the appellant.

*Warren McConihe,* for the respondent.

KELLOGG, J.:

The judgment of the County Court, reversing the judgment of the Justice Court, must be affirmed. The record shows that after defendant had withdrawn from the case, and in his absence, the trial of the case was on the application of the plaintiff three times adjourned, and on the third adjourned day the trial proceeded in the absence of defendant. Such unauthorized adjournments ousted the justice of his jurisdiction. (*Crisp* v. *Rice,* 83 Hun, 465; *Morris* v. *Hays,* 14 App. Div. 8.)

On the return day of the summons defendant offered to prove that the summons and other papers were not served upon him, and that the constable's return in that respect is incorrect. The offer was by the justice refused, no objection being made to the form of the offer or the character of proof offered. This must be deemed a decision by the justice of the peace that proof could not be entertained to impeach the constable's return. This was also a reversible error.

Judgment of the County Court affirmed, with costs.

All concurred; CHASE, J., on ground last stated.

Judgment affirmed, with costs.