THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM BALLIN, Respondent, v. DAVID P. SMITH, as Justice of the Peace of the Town of Montgomery, et al., Appellants.

1. WRIT OF PROHIBITION. A writ of prohibition will not be allowed to guard against a future apprehended error by an inferior tribunal, when, as matter of fact, such tribunal upon due objection may not commit such error and when, if it does commit it, the aggrieved party may be fully and adequately protected by ordinary process of appeal from, or review of, its action.

2. SAME — WHEN WILL NOT ISSUE TO RESTRAIN PROSECUTION OF ACTION IN JUSTICE'S COURT — IRREGULAR SERVICE OF SUMMONS — REMEDY. A justice of the peace has power to entertain an application to set aside the service of a summons; the defendant may specially appear and state the facts upon which he bases his claim of privilege without any waiver of his rights; if in a proper case the justice refuses to set aside the service the remedy is by an appeal. (Code Civ. Pro. §§ 3053, 3057.) The allowance, therefore, in such a case of a writ of prohibition restraining the further prosecution of the action constitutes reversible error, and an order granting the writ must be reversed.

People ex rel. Ballin v. Smith, 106 App. Div. 613, reversed.

(Argued January 8, 1906; decided February 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 23, 1905, which affirmed an order of Special Term granting a motion for a writ of prohibition.

The facts, so far as material, are stated in the opinion.

A. S. Embler for appellants. The writ of prohibition should not have issued in this case. Relator's proper remedy

was to have appeared specially before the justice on the return day of the summons, and object to the jurisdiction of the court, and move to dismiss the action. If relator was aggrieved by the decision thereon, he had ample redress by appeal. (Spelling on Injunctions [2d ed.], §§ 1716, 1717, 1725, 1729; *People ex rel.* v. *Marine Court*, 36 Barb. 341; Throop on Pub. Officers, § 836; High on Ex. Leg. Rem. §§ 765, 773; *People ex rel.* v. *Westbrook*, 89 N. Y. 154; Fiero Spec. Pro. 281, 283; *People ex rel.* v. *Clute*, 42 How. Pr. 157; *People ex rel.* v. *Nichols*, 79 N. Y. 582; *Ex parte Braudlacht*, 2 Hill, 367; *People ex rel. James* v. *Surrogate*, 36 Hun, 218; *People ex rel.* v. *Wood*, 21 App. Div. 247; *People ex rel.* v. *Supervisors*, 31 How. Pr. 237; *People ex rel.* v. *Sherman*, 66 App. Div. 234; *People ex rel.* v. *Fitzgerald*, 73 App. Div. 344; *Coker* v. *Superior Court*, 58 Cal. 178.)

*William C. Rosenberg* for respondent. It was not necessary for the relator to appear specially before the justice and object to the jurisdiction of the court. (*People ex rel. Hess* v. *Inman*, 74 Hun, 130.)

HISCOCK, J. The writ of prohibition granted herein in effect restrained the prosecution of a civil action brought before the appellant Smith as a justice of the peace by the appellant Williams as plaintiff against the relator as defendant. We think that it was error to grant this writ, and that the order appealed from must be reversed.

The facts upon which the writ was based are briefly as follows:

The defendant justice of the peace held office in the town of Montgomery, Orange county, while the relator resided in the county of New York. The latter was brought into the town of Montgomery under subpœna as a witness in supplementary proceedings. Just as his examination was completed he was served with a summons in the action in Justice's Court of which prosecution has been prohibited. Two days before the return day fixed in the summons he secured an alternative

writ of prohibition, staying further proceedings in said action, which was subsequently made absolute. While we do not regard it as a matter of any special consequence, it appears that the justice who issued the summons was the referee before whom the relator had been examined as a witness.

It is substantially conceded, as it must be, that advantage could not be taken of relator's presence in the town of Montgomery under the circumstances to secure service of the summons upon him. Strictly speaking, we doubt whether these circumstances generally and broadly, as claimed, deprived the justice of the peace of jurisdiction in the suit. We think rather that relator's character as a witness gave him a privilege or exemption from service which he might successfully urge as a reason why such jurisdiction could not be exercised against him. Whichever view is taken, however, there is no doubt that he could successfully present the facts disclosed as a reason why the action should not be prosecuted against him. (*Parker* v. *Marco*, 136 N. Y. 585.)

The only question is whether his rights should be protected in the manner adopted by him, or by some other course, and in our judgment the answer to this question must be in favor of the latter alternative.

The writ of prohibition is an extraordinary remedy and should be issued only in cases of unusual necessity. Without attempting generally to define the cases wherein it may or may not be granted, it is certainly well within the authorities and principles of a wise judicial policy to state that it will not be allowed in a case like this to guard against a future apprehended error by an inferior tribunal, when, as matter of fact, such tribunal upon due objection may not commit such error, and when if it does commit it the aggrieved party may be fully and adequately protected by ordinary process of appeal from or review of its action. We shall sufficiently indicate the reasons for reversing relator's method of procedure in this instance if we point out how he might have asserted his rights before the justice and by appeal might have corrected the latter's action if he erroneously overruled those rights.

Relator's privilege from service of a summons was one to be asserted upon an application to get rid of the service rather than by any plea or defense in connection with the merits of the action. (*Matthews* v. *Tufts*, 87 N. Y. 568; *Waring* v. *McKinley*, 62 Barb. 612, 621.)

While a justice of the peace is an officer of limited jurisdiction and while that authority by express terms may not be conferred upon him, we have no doubt that the defendant justice had the power upon the return of the summons to entertain an application by relator to set aside its service upon the grounds already stated.   The right upon objection to ascertain whether a summons has properly been served so as to confer jurisdiction is so necessarily incidental to the discharge of his duties by a justice that no violation of any principle of law will be committed by regarding him as invested therewith. This being so it would have been the proper, natural and adequate course for relator, upon the return day, to have specially appeared before the justice and upon affidavits setting forth the facts upon which he based his claim of privilege to have asked that the service of the summons be set aside and to have objected to further proceedings in and with said action.   Such special appearance would not have worked any waiver of his rights and it would have acquainted the justice in a lawful and official way with the fact that relator not only had a privilege but insisted upon and did not waive it.   ( *Weston* v. *Citizens' Nat. Bank*, 64 App. Div. 145; *Waring* v. *McKinley, supra ; Burbanks Hardware Co.* v. *Hinkel,* 76 App. Div. 183 ; *Boynton* v. *Keeseville E. L. & P. Co.,* 5 Misc. Rep. 118; affirmed, without opinion, 78 Hun, 609 ; *Willins* v. *Wheeler*, 28 Barb. 669.)

If, upon proper proof of the facts and due objection, the justice persisted in continuing the action, the proceedings would have been part of the return upon appeal and subject to review and any proper correction.   (Code Civ. Pro. § 3053, and cases last cited.)

In addition to this the Code (§ 3057) provides for relief upon appeal from Justice's Court against any error of fact in

the proceeding not affecting the merits of the action, and not within the knowledge of the justice, upon affidavits or examination of witnesses in the appellate court. (*Sperry* v. *Reynolds*, 5 Lansing, 407; reversed upon other grounds, 65 N. Y. 179; *Fitch* v. *Devlin*, 15 Barb. 47; *Larocque* v. *Harvey*, 57 Hun, 366.)

So that a defendant against whom jurisdiction in Justice's Court has been sought by prohibited, irregular or incomplete service of a summons, and who for any sufficient reason has not presented his objections to the justice upon the purported return day of the summons, may still have protection and relief by appeal and presentation of the facts in the appellate court.

Under all of the circumstances it seems very clear that relator might have asserted his privilege before the justice, and that by the ordinary process of appeal from any judgment rendered might have secured full relief from any error committed in prejudice of his rights.

As we have stated at the commencement the demonstration of this affords a clear and sufficient reason why the relator should not be allowed to prosecute the unusual and more burdensome form of remedy which he has attempted.

The orders of the Appellate Division and Special Term should be reversed and the application denied, with costs in all the courts.

Cullen, Ch. J., O'Brien, Haight, Vann and Werner, JJ., concur; Willard Bartlett, J., not sitting.

Orders reversed, etc.