PEOPLE ex rel. LIVINGSTONE v. WYATT, Justice of Court of Special Sessions.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

1. PROHIBITION—WHEN GRANTED.

Where a subpœna issued by a magistrate, in proceedings authorized by Code Cr. Proc. §§ 148–150, relating to the examination of witnesses by a magistrate on information laid before him, charging the commission of a crime, is void, the witness may disregard it and show the invalidity thereof as a defense on an attempt made to punish him for contempt, and prohibition does not lie to restrain the magistrate from proceeding with the examination.

2. SAME.

A writ of prohibition may not be invoked to prevent an injury apprehended on the theory that the court may erroneously decide that an invalid subpœna is valid, for when jurisdiction exists the writ will not issue to prevent errors, but only to redress a grievance for which there is no other adequate remedy at law, in equity, or by appeal.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Prohibition, §§ 4–6.]

3. SAME—RETURN.

The parts of a return to an alternative writ of prohibition, not denied on the application for the writ absolute, must be taken as true.

4. SAME.

The part of the return to an alternative writ of prohibition to restrain a magistrate from proceeding with the examination of witnesses pursuant to Code Cr. Proc. §§ 148–150, relating to the examination of witnesses on an information charging a crime being filed with the magistrate, which alleges the filing of the information, will be taken as true, when not denied on the application for the writ absolute, though the information is

not set forth; it being the duty of the magistrate to keep the information secret until a pressing necessity may induce a superior court to require its production.

5. CRIMINAL LAW—PRELIMINARY INFORMATION.

Under Code Cr. Proc. §§ 145, 148–150, 188, 190, 194, 205, 206, relating to the examination of witnesses by magistrates before whom informations charging a crime have been filed, etc., the information must charge the commission of a crime by some particular individual or corporation, but need not be sufficient to justify the issuance of a warrant thereunder.

6. SAME—EXAMINATION OF WITNESSES.

Under Code Cr. Proc. § 148, providing that, when information of a crime is laid before a magistrate, the magistrate shall examine on oath the informant and any witnesses he may produce, and take their depositions, etc., the taking of the depositions should be conducted in secret.

Appeal from Special Term.

Application by the people, on the relation of Mayer W. Livingstone, for a writ of prohibition, against William E. Wyatt, a justice of the Court of Special Sessions, First Division, of the city of New York. From an order denying the application for an absolute writ of prohibition, on the return to the alternative writ, and vacating the alternative writ, the relator appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Edward Lauterbach (Alfred Lauterbach and P. J. Rooney, on the brief), for appellant.

E. Crosby Kindleburger, for respondent.

LAUGHLIN, J. The petitioner was served with a paper in the form of a subpœna signed by William E. Wyatt, justice of the Court of Special Sessions of the First Division of the City of New York, commanding him to appear before said justice at a time and place therein specified and be examined on an investigation which was to be made by said magistrate, for the purpose of ascertaining whether an offense, which he had reason to suppose had been committed, had in fact been committed, and to bring with him and produce certain books, papers, and records, in his possession or under his control, of the firm of Klaw & Erlanger, and also the originals and copies of certain and all theatrical agreements entered into between Marc Klaw, Abraham L. Erlanger, Samuel F. Neidlinger, J. Fred Zimmerman, Charles Frohman, and Al Hayman, and between them or any of them in the firm of Klaw & Erlanger and certain other persons therein named. The witness neither appeared pursuant to the command of the subpœna nor moved to have it vacated or modified, but he applied for the writ of prohibition, for the purpose of prohibiting the justice from proceeding further with the investigation referred to in the subpœna and prohibiting him from compelling or attempting to compel the relator, or any other witness who had been subpœnaed, to appear or testify.

If, as the relator claims, the magistrate was proceeding without jurisdiction or the subpœna was void—a question which need not now be decided—he could have disregarded it and have shown the lack of jurisdiction or inability of the subpœna as a defense, should any attempt be

made to punish him for contempt, and could obtain his release on habeas corpus (People ex rel. Ballin v. Smith, 184 N. Y. 96, 76 N. E. 925). Other witnesses should be left to stand upon or waive their rights. It might be that the magistrate had jurisdiction, even though the subpœna served on him were void, and that subpœnas served upon others were valid, or that the subpœnas served upon him or them, if void, would be superseded by others which would be valid. On the presentation of a sufficient information the magistrate is given jurisdiction to take depositions, issue subpœnas, and, if the evidence be sufficient, to issue a warrant of arrest. Code Cr. Proc. §§ 148–150; People v. Hicks, 15 Barb. 167; Blodgett v. Race, 18 Hun, 132; Long v. Keyes, 75 Wis. 288, 44 N. W. 13. The extraordinary writ of prohibition by means of which through the courts the people assert their dignity to stop proceedings, without or in excess of jurisdiction, may not be invoked to prevent an injury or injustice apprehend on the theory that a court or magistrate may erroneously decide that an invalid subpœna is valid, or that the information is sufficient to give him jurisdiction to proceed if it be not. Some necessity must be shown for the issuance of this high writ. When jurisdiction exists, it will not issue to correct or prevent errors of law or procedure, and it will only issue to redress a grievance for which there is no other adequate remedy at law, in equity, or by appeal. People ex rel. Burbank v. Wood, 21 App. Div. 245, 47 N. Y. Supp. 676; Patrick v. Fitzgerald, 73 App. Div. 359, 76 N. Y. Supp. 865; People ex rel. Hummel v. Trial Term, 105 App. Div. 598, 94 N. Y. Supp. 1037, affirmed in 184 N. Y. 30, 76 N. E. 732; People ex rel. Ballin v. Smith, 184 N. Y. 96, 76 N. E. 925; Alexander v. Crollott, 199 U. S. 581, 26 Sup. Ct. 261, 50 L. Ed. ——; In re Rice, 155 U. S. 396, 15 Sup. Ct. 149, 39 L. Ed. 198. The magistrate was evidently assuming to proceed under sections 148, 149, and 150 of the Code of Criminal Procedure. The petition shows that no information has been presented to him that a crime has been committed, and that therefore he was without jurisdiction. Those allegations seem to have been warranted by admissions made by the magistrate to counsel for the relator, at that time representing another witness. The parts of the return, however, not denied on the application for the writ absolute, must be taken as true and may not be disregarded because the information is not set forth that the magistrate had before him a sufficient information in writing, charging that a particular specified crime had been committed and charging certain persons with the commission thereof, and not charging the relator therewith, and that the magistrate has decided that the facts set forth in the information constitute a crime. If the information should have been returned, a motion should have been made for a further return. We are of opinion, however, that it was the duty of the magistrate to keep the information secret, at least, until some pressing necessity or urgency arises that may induce a superior court to require its production.

Section 145 of the Code of Criminal Procedure defines an information as follows: "The information is the allegation made to a magistrate, that a person has been guilty of some designated crime." It is the duty of a magistrate, when an information is laid before him "of

the commission of a crime," to examine on oath the "informant or prosecutor and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." Section 148, Code Cr. Proc. Section 149, provides that "the depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant." "It then becomes the duty of the magistrate if he be satisfied from the depositions that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it," to issue a warrant for the arrest of the defendant. Section 150, Code Cr. Proc. After a defendant has been arrested under such a warrant and brought before a magistrate, the subsequent proceedings are regulated by the provisions of chapter 7 of the Code of Criminal Procedure. Section 188, the first section in that chapter, requires the magistrate to inform the defendant of the charge made against him. Section 190 provides that the magistrate shall hold an examination, unless the defendant waives examination, and section 194 provides that on the examination "the magistrate must, in the first instance read to the defendant the depositions of the witnesses examined on the taking of the information, and if the defendant requests it or elects to have the examination, must summon for cross-examination the witnesses so examined, if they be in the county." On such examination after the arrest of the defendant the magistrate may exclude the public, but must admit the prosecutor and his counsel, the clerk of the court, and the defendant and his counsel. Code Cr. Proc. § 203. Section 205 provides, among other things, that the magistrate or his clerk must keep the depositions taken on the information or on the examination until they are returned to the proper court "and must not permit them to be inspected by any person except a judge of a court having jurisdiction of the offense, the Attorney General, the district attorney of the county, the defendant and his counsel and the complainant and his counsel."

If the defendant be held to answer the charge, the magistrate or his clerk is required on payment of the fee prescribed to furnish a copy of the depositions to the defendant or his counsel or to permit either of them to take a copy. Code Cr. Proc. § 206. It is quite plain from these provisions that the information, although it must be in writing and must charge the commission of a crime by some particular individual or corporation, need not be a deposition sufficient to justify the issuance of a warrant thereon, for, if such were the requirement, the Legislature would not have provided that the magistrate, instead of acting on the information, must take depositions and from them, and not upon the information, decide whether a warrant should be issued. It has been held that the information may be made wholly on information and belief, which, of course, would be no legal evidence of the commission of a crime, but was deemed sufficient by the Legislature to set the law in motion. Blodgett v. Race, 18 Hun, 132; People v. Hicks, 15 Barb. 153; State ex rel. Long v. Keyes, 75 Wis. 288, 44 N. W. 13.

It is manifest that the ends of justice would often be defeated by the flight of the accused, if the taking of depositions following the filing of an information, and before sufficient evidence is adduced to warrant

the arrest, should be public, and the provisions of the Code of Criminal Procedure, to which reference has been made, clearly contemplate, I think, such taking of depositions should be conducted in secret. See People ex rel. Kenney v. Cornell, 6 Misc. Rep. 568, 27 N. Y. Supp. 859; People ex rel. Lewisohn v. Wyatt, 39 Misc. Rep. 456, 80 N. Y. Supp. 198. The learned counsel for the relator urges that there has been an abuse of power and judicial process, and that therefore the writ should issue. If a magistrate should proceed under this provision of the Code of Criminal Procedure without jurisdiction or in excess of his jurisdiction, a remedy will be found and afforded by the courts to witnesses or parties prejudiced thereby. If there should be no appropriate and adequate remedy, perhaps the writ of prohibition would issue, but we see no necessity or propriety therefor on the record presented in the case at bar.

For the reasons stated, the relator was not entitled to the writ, and the order should be affirmed. All concur.