PEOPLE ex rel. UNITED BLDG. MATERIAL CO. v. SPECIAL TERM OF NEW YORK SUPREME COURT et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1911.)

PROHIBITION (§ 3*)—RIGHT TO RELIEF—REMEDY BY APPEAL.

Since a writ of prohibition is a preventive rather than a remedial process, and cannot take the place of a writ of error or other proceeding for review, where the jurisdiction of the trial court to modify a judgment against receivers providing for its enforcement by execution, so as to render it enforceable only by proceedings in the receivership case, was reviewable on appeal from an order granting such relief, a writ of prohibition would not lie to restrain the trial judge from so modifying the judgment.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 4–19; Dec Dig. § 3.*]

Application for writ of prohibition by the People of the State of New York, on the relation of the United Building Material Company, against the Special Term of the New York Supreme Court, to be held at the County Courthouse in the City of Newburgh, June 17, 1911, and against Arthur S. Tompkins, as presiding judge thereof, and others. Writ denied.

The Thomas McNally Company having contracted for the construction of the Peekskill division of the Catskill Aqueduct with the city of New York, and having become insolvent, receivers were appointed and directed to carry out the contract, which provided for payment as the work progressed to the extent of 90 per cent. of the monthly estimates of labor performed and materials furnished; the 10 per cent. being retained until final completion of the contract. After the appointment of the receivers, relator, the United Building Company, instituted suit against them as receivers to foreclose a bonded municipal lien for materials furnished to the McNally Company for use, and used, in the performance of the work. Relators having recovered judgment against the receivers providing for its enforcement by execution, and this judgment having been affirmed by the Appellate Division, and a further appeal by the receivers to the Court of Appeals having been dismissed, the receivers obtained from respondent Arthur S. Tompkins, a judge of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Supreme Court, an order directing relator to show cause why it should not be restrained from issuing an execution on its judgment, and why the sheriffs of certain counties should not be restrained from making a levy thereunder, and why plaintiff should not be restrained from bringing any action against the receivers or the surety on its undertaking given to supersede the judgment, on the theory that to enforce such judgment by execution would interfere with property in custodia legis, and that the recovery of such judgment operated merely to liquidate plaintiff's demand against the receivers, payable only in the ordinary course of the receivership. Such order having been served on relator and its attorneys, relator applied for writ of prohibition restraining the court issuing the order, and the judge and receivers from further proceeding therein, on the theory that, as relator's judgment, providing for its enforcement by execution, had been affirmed on appeal, the trial court had no further jurisdiction to modify the same.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Alexander, Watriss & Polk, for the motion.

JENKS, P. J. The application for a writ of prohibition is denied, without costs. In People ex rel. Mayor v. Nichols, 79 N. Y. 582, the court say:

"It is also well settled that where a remedy by appeal, or otherwise, may be had to correct an error of law or practice the writ will not lie. Ex parte Gordon, 2 Hill, 363; Ex parte Brandlacht, 2 Hill, 367 38 Am. Dec. 593]. In such a case the inferior court, or the tribunal of limited jurisdiction, can be set right by appeal only. Where, however, the statute has imposed restrictions as to the circumstances under which such 'inferior court or judge thereof' may act in matters otherwise within its jurisdiction, and these restrictions are disregarded, the party aggrieved may have a remedy by prohibition. This is the doctrine stated in Quimbo Appo v. People, 20 N. Y. 531, and by Jacobs in the citation there made. It goes no further. The remedy may be had to prevent the violation of some fundamental principle of justice, or the transgression of the 'bounds prescribed by law.' No other power is given to the General Term by the statute cited. In other cases it acts as a court of review and its function in these two capacities ought not to be confounded."

In Thomson v. Tracy, 60 N. Y. 31, the court, referring to this remedy, say:

"It is a preventive rather than a remedial process, and cannot take the place of a writ of error, or other proceeding for the review of judicial action, or of a suit in equity to prevent or redress fraud. People v. Seward, 7 Wend. 518."

In People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732, the court say:

"The writ of prohibition is one of the state writs authorized by the Code of Civil Procedure, which may issue out of the Supreme Court, restraining a judge or party from further proceeding in the action or special proceeding complained of. Code Civ. Proc. §§ 2091–2096. The writ does not issue as a matter of right, but only in the sound discretion of the court, in cases of supreme necessity, where the grievance cannot be redressed by ordinary proceedings at law or in equity, or by appeal. People ex rel. Adams v. Westbrook, 89 N. Y. 152; People ex rel. Burbank v. Wood, 21 App. Div. 245 [47 N. Y. Supp. 676]; People ex rel. Mayor v. Nichols, 79 N. Y. 582, 591; Alexander v. Crollott, 199 U. S. 580 [26 Sup. Ct. 161, 50 L. Ed. 317]."

In People ex rel. Ballin v. Smith, 184 N. Y. 96–98, 76 N. E. 925, the court say:

"The writ of prohibition is an extraordinary remedy, and should be issued only in cases of unusual necessity. Without attempting generally to define the cases wherein it may or may not be granted, it is certainly well within the authorities.and principles of a wise judicial policy to state that it will not be allowed in a case like this, to guard against a future apprehended error by an inferior tribunal, when, as matter of fact, such tribunal upon due objection may not commit such error, and when, if it does commit it, the aggrieved party may be fully and adequately protected by ordinary process of appeal from or review of its action."

Application for writ of prohibition denied, without costs. All concur.