In the Matter of JOHN E. GLEASON, JR., Petitioner, against JOHN A. MULLEN, Individually and as Judge of the Court of General Sessions of the County of New York, et al., Respondents.

Supreme Court, Special Term, New York County, March 30, 1953.

*James F. Ryan* for petitioner.

*Frank S. Hogan, District Attorney* (*Charles W. Manning* of counsel), for respondents.

EDER, J. Application for order of prohibition. Petitioner has been indicted by the Grand Jury of New York County for the crime of perjury in the first degree to which he entered a plea of not guilty in the Court of General Sessions. The District Attorney placed the case on the calendar before Judge MULLEN for trial on January 26, 1953; successive postponements followed and the case adjourned for trial on March 18, 1953.

On the preceding day petitioner presented to this court a petition, wherein, in sum, he averred that the action of the District Attorney in assuming charge and control over the calendar of the court was an act in violation of law in that the District Attorney was an administrative officer and was possessed of no judicial powers or functions and that in so acting he usurped, exercised and discharged judicial functions and powers in controlling the calendar of the court and in assigning cases to the particular trial parts of the court and in designating the particular judge for the trial of the case.

It is the claim of the petitioner that such acts and conduct of the prosecutor are a violation of both statutory and constitutional law; that any express authority given to the District Attorney by the court to take charge of and prepare its calendar of cases for trial and to make assignment thereof to particular parts of the court for trial and to designate particular judges for the trial was and is an unauthorized and unlawful delegation of judicial power and should be permanently prohibited. An order of prohibition is sought permanently enjoining Judge MULLEN, to whose part of the court the case has been assigned for trial, the Court of General Sessions, and the District Attorney

from acting in any manner with respect to the trial of the case under the said assignment made by the District Attorney and to as well prohibit the court or any judge thereof and the District Attorney from acting under such calendar assignment or designations made by the District Attorney.

The established law is that prohibition will not be granted where the rights of the aggrieved party can be adequately protected by the ordinary process of appeal (*People ex rel. Ballin* v. *Smith,* 184 N. Y. 96). It is also the settled rule that prohibition does not issue as matter of right, but in the court's sound discretion (*People ex rel. Cuvillier* v. *Hogarty* 238 N. Y. 621).

It is quite apparent that the instant application is a mere maneuver to stave off trial and could be summarily denied in the exercise of discretion, particularly as petitioner's rights or claims can be adequately protected by appeal. It is quite manifest, too, that if the order of prohibition were granted no real gain or practical benefit would be derived by petitioner; the only consequence would be to have another calendar made up by the clerk of the court and a new trial date set. The current motion, if successful, would only accomplish some slight delay in bringing the case to actual trial.

However, as the validity of the practice involved is directly challenged, and the matter is one of importance, the court has concluded to dispose of the question on the merits.

It has been the traditional practice for the District Attorney of New York County to prepare the trial calendar in the Court of General Sessions and to assign cases for trial to the various parts of the court. This has also been the practice with regard to the County Court in Kings County (*Matter of McDonald* v. *Goldstein,* 273 App. Div. 649). This calendar practice has been performed and discharged by the District Attorney without any express statutory authority conferred upon him. It is now claimed by petitioner that such action by the prosecutor is illegal and that the preparation and control of the trial calendar is vested exclusively in the court and cannot be delegated to another and, if done, it is unlawful and ineffective.

As this court views the matter the petitioner's application is devoid of merit and legal stability.

Section 55-a of the Code of Criminal Procedure vests in the Court of General Sessions the power to make rules and regulations regarding its government and practice, and provides: "The court of general sessions of the county of New York shall have power at all times to make rules and regulations for its

government and conduct and for the practice therein, and to enforce the same by imprisonment for contempt, or by fine, or by both."

Pursuant to and within these legislatively declared powers the court promulgated the following rule governing its conduct and practice: " Rule V. *Moving a cause for trial.* The District Attorney of the County of New York is authorized to move for trial prison or bail cases, including homicide and protracted cases, in any trial Part of the court."

As the court apprehends the petitioner's premise it is that this constitutes a delegation of judicial power to the District Attorney and hence his designation of petitioner's indictment for trial is illegal and should be prohibited.

There is no substance to this claim. It is very clear that in authorizing the District Attorney to so act the court was merely utilizing him in a ministerial capacity for clerical service and was in no sense transferring or abdicating its jurisdiction, functions and powers; these the court fully retained. The court's control over the calendar continued and remained unimpaired. It could recall, suspend and revoke the rule at its pleasure.

The modern tendency, and, indeed, it has also been so in the past, is for the courts to relieve themselves of ministerial or administrative work which is intertwined with their strictly judicial functions and to have such work performed by others to whom it may be assigned. It is recognized that unless this procedure is employed the work of the court in pursuance of its strictly judicial functions will be and does become impeded and retarded and may become impossible of proper and speedy performance and it has been stated that this may result in the wheels of government becoming clogged, with resulting chaos (*Ray* v. *Parker,* 15 Cal. 2d 275, 291).

To assign to others such type of work is not a delegation of judicial power as that term is understood and applied in law (*Ray* v. *Parker, supra*). It is but employment of an aid in the performance and discharge of the judicial function.

In final aspect, in applying for the order of prohibition sought, petitioner's basal apprehension appears to be that if the practice is sustained of permitting the District Attorney to prepare and control the trial calendar and to make the assignment of cases for trial to a particular part of the court and to designate the case for trial before a particular judge, a defendant is placed at a disadvantage and is deprived of a fair and impartial trial and impedes the true administration of justice; that, seemingly,

there is an inescapable feeling that the trial judge will favor the prosecutor and the People to the prejudice of the defendant. It is an absurd view.

As to the defendant's guilt or innocence the decision is made by the jury and not by the trial judge so that the claim that the District Attorney obtains an advantage on the issue of guilt or innocence is purely a fallacious one, and destitute of merit.

The court, after careful consideration of the petitioner's contentions, is unable to perceive that the practice assailed is improper or illegal in any manner; it is a proper and legal practice and in no way violates any statutory or constitutional provision or in any way invades or infringes upon any statutory or constitutional rights of the petitioner as defendant in the criminal action against him.

Accordingly, the application is denied and the petition and proceeding are dismissed. Settle order.