Samuel H. Hofstadter, J.
The petitioners have instituted this proceeding under article 78 of the Civil Practice Act to restrain the Board of Standards and Appeals from proceeding with an application by a property owner, now pending before it, for a variance of the Zoning Resolution pursuant to subdivision 5 of section 666 of the New York City Charter. The petitioners assert that the board is acting without and in excess of jurisdiction and without due process of law. The basic contention of the petitioners is that the proceeding before the board is judicial or quasi-judicial and that they are entitled to trial in a court of law, rather than before the board which is not governed by the strict rules of evidence. This contention rests in par on their claim that the variance sought will violate a restrictive covenant of record. The Board of Standards and Appeals by cross motion seeks dismissal on the ground that the petitions are insufficient in law and do not show that the petitioners have any status warranting the granting of relief to them.
*923 The court is constrained to grant the cross motion. The petitioners pray for a prohibition order. Since, however, the petitioners, if aggrieved, may have the action of the Board of Standards and Appeals reviewed in a certiorari proceeding pursuant to section 668e-1.0 of the Administrative Code, they have available a ready remedy through ordinary legal process and are in no need of prohibition. In such situation, the court must withhold interference by prohibition with the regular procedure before the board (People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463; People ex rel. Ballin v. Smith, 184 N. Y. 96; Matter of Harris Motors v. Klapp, 296 N. Y. 242). The informality of the procedure before the board does not make it objectionable or invalid under the law (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 287). If the ultimate action of the board is adverse to the petitioners they will in the certiorari proceeding have full opportunity to show that the action complained of offends the law. The need for the exercise of judgment by an administrative board in making its decision does not convert the issue before it into one cognizable solely by a judicial tribunal. The place of administrative procedure in our system is too secure to be vincible on this ground at this late date. If the rights of the petitioners under the restrictive covenant are in danger they are, of course, free to vindicate them by action (Matter of Isenbarth v. Bartnett, 206 App. Div. 546, 548, affd. 237 N. Y. 617).
Accordingly the motion of the petitioners is denied and the cross motion to dismiss is granted.