Harold J. Crawford, J.
Application for an order in the nature of prohibition. Both respondents have moved to dismiss the petition for insufficiency and the respondent Wiley has moved to dismiss on the additional ground that he was not acting in a judicial or quasi-judicial capacity with respect to the facts alleged in the petition.
Petitioner was served with a traffic summons attested in the name of the Chief City Magistrate and issued by an employee of the Traffic Department. Such employees are sometimes colloquially referred to as “ Meter Maids.”
No question is raised as to the jurisdiction generally of the Magistrate’s Court over'traffic infractions. (Vehicle and Traffic Law, § 155.) Nor is any question raised as to the authority of “ Peace Officers ” to countersign and issue summonses attested in the name of the Chief City Magistrate. By subdivision h of section 116 of the New York City Criminal Courts Act, summonses so issued have the same force and effect as if issued by the Chief City Magistrate.
Petitioner’s sole contention is that meter maids are not peace officers and therefore are not authorized to issue summonses pursuant to subdivision h of section 116 of the New York City Criminal Courts Act. Even if petitioner be correct in this contention (and this court expresses no opinion thereon), it does not follow that petitioner is entitled to an order in the nature of prohibition.
Prohibition is an extraordinary remedy issued to prevent an inferior court or tribunal from exercising jurisdiction over *892 matters not within its cognizance (22 Carmody-Wait, New York Practice, p. 318). It is ordinarily issued not as a matter of right but only in the exercise of discretion where no other remedy is available (22 Carmody-Wait, New York Practice, p. 320).
In Matter of United States of Mexico v. Schmuck (294 N. Y. 265, 273) the Court of Appeals said: “ The question whether a court has acquired jurisdiction over the person of a defendant or the subject matter of an action, and the question whether a court should relinquish jurisdiction, are judicial questions which ordinarily must be decided by the court whose jurisdiction is challenged.”
Thus, in People ex rel. Ballin v. Smith (184 N. Y. 96) it was held that even where a court had not obtained jurisdiction over a party by reason of illegality in the service of the summons, prohibition will not lie if the party has a remedy by appeal.
In the instant case, the Magistrate’s Court has power to set aside the service of the summons and the defendant may appear specially to challenge jurisdiction. (People ex rel. Ballin v. Smith, 184 N. Y. 96, 99, supra.) The Magistrate’s Court also has jurisdiction to construe the local law involved. (Matter of Harris Motors v. Klapp, 296 N. Y. 242.)
It is apparent, therefore, that petitioner has adequate remedies to protect his rights and there is no need for the extraordinary remedy of prohibition. (Matter of Kenler v. Murtagh, 12 A D 2d 662.) The application is denied.