THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN E. McCARTHY, Defendant.

Supreme Court, Special Term, Oneida County, January 15, 1947.

*P. R. Shanahan* for defendant.

*Earle C. Bastow, District Attorney (Joseph A. Page* of counsel), for plaintiff.

MALPASS, J. The defendant has been indicted by the Grand Jury of Oneida County charged with a violation of section 1825 of the Penal Law. This section is as follows: " § 1825. *Resisting officer.* A person who knowingly resists, by the use of force or violence, any executive officer, in the performance of his duty, is guilty of a misdemeanor."

There is a presumption in the law that an indictment is based upon legal and sufficient evidence. (*People* v. *Glen,* 173 N. Y. 395.) An examination of the minutes of a grand jury should not be permitted merely to inform a defendant of the evidence upon which an indictment is based. (*People* v. *Mitchell,* 140 Misc. 869.)

In this action a preliminary examination was had before the magistrate at which time the facts relating to the charge were fully disclosed. According to the memorandum filed by the District Attorney, " The defendant and his counsel are fully apprised of the charge and the evidence upon which said charge is based." Therefore, it is fair to assume that an inspection of the minutes of the Grand Jury will not compel the District Attorney to reveal any facts which are not already known to the defendant and his attorney.

The facts are substantially as follows: On August 4, 1946, the defendant and several others were at an amusement resort located at Sylvan Beach in Oneida County and the defendant with the others conducted themselves in such a manner as to be properly guilty of disorderly conduct, as such conduct is defined in section 722 of the Penal Law. The owner of one of the concessions in the amusement park sought out a police officer and pointed out the defendant as one of those who had previously been guilty of disorderly conduct and the police officer, acting on such information, and without first securing any

warrant, placed the defendant under arrest and proceeded to take him to a jail located in the park. It appears that nothing which was done by the defendant and his companions of a disorderly character occurred in the presence of a police officer. The defendant resisted the officer and used abusive language and, it is alleged, tripped the officer resulting in the officer's falling to the floor and the officer upon rising from the floor took his revolver from his holster and struck the defendant with the butt of his revolver and compelled the defendant to accompany him to the jail where he was held for some time and later arraigned before a magistrate upon a charge of disorderly conduct to which charge the defendant pleaded guilty and was fined the sum of $25. At the same time the instant charge of resisting an officer in violation of section 1825 was lodged against the defendant to which charge he pleaded not guilty and an examination was had before the magistrate who held the defendant to await the action of the Oneida County Grand Jury which reported the indictment and which indictment has been remitted to the Oneida County Court for disposition.

Upon the examination before the magistrate the police officer testified that the disorderly conduct with which the defendant was charged did not occur in his, the officer's, presence, and also that he had no warrant authorizing him to arrest the defendant upon that charge at the time of the alleged resistance of the defendant to arrest.

Section 177 of the Code of Criminal Procedure specifies the cases in which a peace officer may arrest a person without a warrant and is as follows: " § 177. * * * A peace officer may, without a warrant, arrest a person,

" 1. For a crime, committed or attempted in his presence;

" 2. When the person arrested has committed a felony, although not in his presence;

" 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it ".

It has been held that an arrest without a warrant for a misdemeanor not committed in the presence of the arresting officer, is illegal and that such officer has no right to search a person and that resistance thereto does not constitute the crime of resisting an officer in the performance of his duty. (*People* v. *O'Connor*, 257 N. Y. 473.)

A charge of disorderly conduct under the provisions of section 722 of the Penal Law is defined as an " offense " and is not a crime. (*People* v. *Sly*, 180 Misc. 96; *People* v. *Fuerst*, 13

Misc. 304; *Matter of Cooley* v. *Wilder*, 234 App. Div. 256, 259.) It follows, therefore, that a police officer cannot legally make an arrest without a warrant, for a violation of section 722 of the Penal Law unless the violation occurred in the presence of the peace officer. (*People* v. *Phillips*, 284 N. Y. 235.)

As above stated, an indictment is presumed to be based upon legal and sufficient evidence. This presumption may be overcome however where there is satisfactory proof to the contrary. (*People* v. *Nitzberg*, 289 N. Y. 523.) It would seem that the proof submitted by the defendant on this application and admitted in the memorandum of the District Attorney is sufficient to overcome this presumption.

The motion of the defendant is granted and an order may be entered herein directing that the defendant be furnished with a transcript of the evidence submitted to the Grand Jury upon which the indictment is based.