In the Matter of INGRID ROSE, Petitioner, against DAVID McKEAN, Individually and as Magistrate of Magistrate's Court of City of New York, et al., Respondents.

Supreme Court, Special Term, Bronx County, January 19, 1948.

*Nathaniel L. Goldstein, Attorney-General,* for respondents.

*Winn, Graubard & Shapiro* for petitioner.

Pecora, J.  Upon this application for an order of prohibition enjoining a magistrate of the Magistrate's Court of the City of New York from proceeding with hearings upon a charge of assault in the third degree brought against petitioner, respondent moves to dismiss the petition pursuant to section 1293 of the Civil Practice Act.

The City Magistrate has commenced a preliminary hearing upon a sworn complaint charging petitioner with a misdemeanor. Under section 177 of the Code of Criminal Procedure, an arrest by a police officer may be made in certain cases without a warrant.  In the case of a misdemeanor, such arrest may be made without a warrant if the crime was committed or attempted in his presence.  According to the petitioner, the arrest of petitioner was for a misdemeanor not committed in the presence of the police officer.  The arrest was therefore illegal (*People* v. *O'Connor,* 257 N. Y. 473; *People* v. *McCarthy,* 188 Misc. 132).

Based upon such alleged arrest, petitioner contends the Magistrate was without jurisdiction to proceed further in the matter. I hold that, since the Magistrate had jurisdiction of the subject matter and the petitioner-defendant was physically before him, the manner in which the arrest was made is immaterial in determining the court's jurisdiction to proceed.  The general rule has been that it is no defense to a criminal prosecution that the defendant was brought before the court by an illegal arrest (*People* v. *Eberspacher,* 79 Hun 410; *People ex rel. Mertig* v. *Johnston,* 186 Misc. 1041; *People* v. *Baxter,* 178 Misc. 625; *People* v. *Hagan,* 138 Misc. 771; *People* v. *Dennis,* 132 Misc. 410).  There is language in *People* v. *Eberspacher* (*supra*) that there is a " distinction between the power of a magistrate to hold an examination and that of a court which has acquired jurisdiction of the charge to try."  In *People* v. *Park* (92 Misc. 369) the court

refers to the distinction mentioned in *People* v. *Eberspacher.* So, too, in *People* v. *Howard* (13 Misc. 763). Except for the dictum in *People* v. *Eberspacher,* and its repetition in the two other cases cited herein, no case has been called to the court's attention which makes jurisdiction depend upon the manner of arrest.

While an unlawful arrest is an invasion of a person's constitutional rights under a democracy, it has been the policy of the law to protect the citizen from that violation of his rights by affording an action for damages for unlawful arrest and providing that an unlawful arrest is a crime. (Penal Law, § 1846.) To permit the legality of an arrest to be considered in determining the jurisdiction of a court to hear evidence of the commission of a crime would inject an unnecessary impediment in the administration of criminal justice. Undue delays would result if jurisdiction were to be decided by the Supreme Court whenever a defendant contended his arrest was illegal.

Therefore, neither precedent nor expediency warrants the issuance of an order of prohibition. The motion to dismiss the petition is granted. Settle order.