Desmond, J.
Plaintiff De Veau is the elected secretary-treasurer of a local union of longshoremen and plaintiffs Lowery and Honan are members of that union. In this suit for a declaratory judgment and for an injunction plaintiffs make three main assertions. First, they say that section 8 of the Waterfront Commission Act (L. 1953, ch. 882, as amd.) is unconstitutional as being in conflict with section 7 of the National Labor Relations Act (IT. S. Code, tit. 29, § 157). Second, they urge that section 8 is unconstitutional as interfering with the right of employees to self-organization and collective bargaining. Third, they argue that section 8 in its prohibitions against the collection of union dues on the waterfront by a person convicted of a “ felony” should be held not to apply to plaintiff De Veau because his'plea of guilty in 1922 to attempted grand larceny, first degree, resulted in a suspended sentence only. The suit is brought against the District Attorney of Richmond County because that officer is, according to the complaint, threatening to prosecute under section 8 De Veau or any other officer *240 of Local 1346, International Longshoremen’s Association, who attempts to collect union dues for that organization while plaintiff De Veau continues as an officer or agent thereof.
Special. Term dismissed the complaint for insufficiency and ordered judgment for defendant on the pleadings, holding section 8 to be constitutionally valid and holding that within that statute’s meaning plaintiff De Veau, despite the suspension of his sentence, had been “ convicted ” of a felony. The Appellate Division unanimously affirmed. The constitutional questions permitted plaintiffs to appeal to this court as of right (Civ. Prac. Act, § 588, subd. 1, cl. [a]).
The Waterfront Commission Act passed in 1953 (L. 1953, chs. 882, 883) put into statutory form a compact entered into between the States of Mew York and Mew Jersey and approved by the United States Congress. Mew Jersey enacted a substantially similar statute ([M. J.] L. 1953, ch. 202; Rev. Stat. of M. J. [1953-1954 Cum. Supp.], tit. 32, subtit. 11). Part I of the Mew York law contains legislative findings and declarations as to a number of bad labor conditions and practices on the Port of Mew York waterfront. To deal with the evils a bl-State Waterfront Commission was set up with large powers of enforcement. One of the methods adopted by the two States for ridding the waterfront of people considered responsible for the found evils was section 8 of our act (Rev. Stat. of M. J., § 32:23-80 is identical), reading in its material part as follows:
“Mo person shall solicit, collect or receive any dues, assessments, levies, fines or contributions within the state from employees registered or licensed pursuant to the provisions of this act for or on behalf of any labor organization representing any such employees, if any officer or agent of such organization has been convicted by a court of the United States, or any state or territory thereof, of a felony unless he has been subsequently pardoned therefor by the governor or other appropriate authority of the state or jurisdiction in which such conviction was had or has received a certificate of good conduct from the board of parole pursuant to the provisions of the executive law to remove the disability.”
*241 Elsewhere in the act there are other prohibitions or restrictions against employment on certain waterfront jobs of persons convicted of crimes (see Waterfront Commission Act, pt. I, arts. V, VI, VIII, X).
Our first question of law is as to whether this State-enacted law conflicts (see Weber v. Anheuser-Busch, 348 U. S. 468) with section 7 of the Federal Taft-Hartley Act (II. S. Code, tit. 29, § 157) and is thus invalid under the Supremacy Clause (II. S. Const., art. VI, § 2). Section 7 of the Federal act reads thus:
“Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8 (a) (3).”
Plaintiffs say that section 7 of the Federal law is so complete a pre-emption of the particular field that no room is left for any State action which, like section 8 of the New York act, puts limits on the right of employees engaged like plaintiffs in interstate commerce to ‘ ‘ bargain collectively through representatives of their own choosing ”. The ready answer is that Congress has not by any language in section 7 “clearly manifested” or manifested at all an “intention to exclude States from exercising their police power ” (see Auto Workers v. Wisconsin Bd., 336 U. S. 245, 253). Any doubt as to this seems to have been removed by Hotel Employees v. Sax Enterprises (358 U. S. 270). The New York Legislature acted on information in the report submitted to it in 1953 by the New York State Crime Commission (see N. Y. Legis. Doc., 1953, No. 70) and in a number of other official reports and surveys as to the connection between unsavory waterfront conditions and the records of some officers as to waterfront crimes (see Justice Brennan’s description in Hazelton v. Murray, 21 N. J. 115, 120-123). And, of course, besides the legislative findings *242 there is a presumption of adequate inquiry and determination by the Legislature of the weight and significance of all the material presented to it (see East New York Sav. Bank v. Hahn, 293 N. Y. 622, affd. 326 U. S. 230). New York State, therefore, to deal with existing crime and disorder exercised its police power in a not unusual way by barring from certain occupations persons with criminal court records (see, as other examples of such legislation, Education Law, §§ 6502, 6613, subd. 12; § 6911, subd. 1, par. e; § 7011, subd. 1, par. a; § 7108, subd. 1; § 7210, subd. 1, par. e; § 7308, subd. 1, par. e; § 7406, subd. 1, cl. [c]; and see Matter of Barsky v. Board of Regents, 305 N. Y. 89, affd. 347 U. S. 442).
This brief examination of the Waterfront Commission Act and its purposes sufficiently rebuts all plaintiffs’ charges of unconstitutionality. A considerable list of other decisions, impressive for their unanimity, have upheld this legislation against similar attacks (Linehan v. Waterfront Comm., 116 F. Supp. 683; Staten Is. Loaders v. Waterfront Comm., 117 F. Supp. 308, both affd. 347 U. S. 439; Bradley v. Waterfront Comm., 130 F. Supp. 303; Matter of Local 824 v. Waterfront Comm., 7 A D 2d 630; Hazelton v. Murray, 21 N. J. 115, supra; International Longshoremen’s Assn. v. Hogan, 3 Misc 2d 893).
The remaining question is whether plaintiff De Veau was, when he received a suspended sentence on a felony charge many years ago, “ convicted ” of that felony within the meaning of section 8. The question is one of legislative intent, as we pointed out in Matter of Weinrib v. Beier (294 N. Y. 628) and Matter of Richetti v. New York State Bd. of Parole (300 N. Y. 357). In those two instances we found indications that in the two statutes involved (Education Law, § 1311, and Correction Law, § 242) the Legislature intended the word “ conviction ” or “ convicted ” to include a suspended sentence (and see Matter of Shapiro and Matter of Siegel, 6 A D 2d 866, motion for leave to appeal denied 5 N Y 2d 707, 708). A similar intent is readily discovered as to section 8 of the Waterfront Commission Act. The act, as we have pointed out above, contains separate prohibitions against the licensing or hiring in various waterfront occupations of persons (other than union officials) “convicted” of crimes. These *243 bans against licensing are, however, lifted when the convicted person submits evidence to the commission that his conduct has been good for a period of five years. That five-year period is measured (see Waterfront Commission Act, pt. I, art. V) from the date of ‘1 suspension of sentence ’ ’ when sentence has been suspended. Thus, the Legislature in other parts of the Waterfront Commission Act itself clearly had in mind that some of the persons who fell under its license prohibitions might have been “ convicted ” in the sense only of having received suspended sentences. We conclude that the legislative purpose was to bar from waterfront union positions all persons with felony records even though never subjected to actual imprisonment or fine.
Our rejection of plaintiff De Veau’s complaint is not based on any holding that he has failed to exhaust his “ administrative remedies ”. It is said that he should have applied to the Parole Board for a “ certificate of good conduct ” (Executive Law, § 242) since the section 8 prohibition does not apply to one who after conviction has received such a certificate. But since the granting of such a certificate by the Parole Board would be an act of grace and discretion and not of duty or right, we hold that plaintiff could test the constitutionality of the statute without first applying for such a certificate.
The judgment should be affirmed, without costs.
Chief Judge Conway and Judges Dye, Ftjld, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.