Irving H. Saypol, J.
Motion as an application for an order of prohibition (Civ. Prae. Act, art. 78, §§ 1283-1306) is denied, the stay is vacated and the respondents’ cross motion is granted and the petition is dismissed.
*1009 The petitioner is at large on bail awaiting examination before a Magistrate on the criminal charge of possessing obscene books with intent to sell them. Anticipatory to the preliminary hearing he seeks to forestall prosecution on the ground that the statute which he allegedly violated (Penal Law, § 1141) has been stricken down as unconstitutional by the Supreme Court of the United States in Smith v. California (361 U. S. 147). If this were clearly so then this extraordinary and unusual remedy of prohibition would lie to prevent unauthorized action by a lower tribunal (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 8-9; Tripp, A Cuide to Motion Practice, § 185, citing Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26, 39). “ It is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed.” (Appo v. People, 20 N. Y. 531, 542.)
No clear right to relief is shown here and the petitioner should be left to the usual procedures and remedies (People ex rel. Burbank v. Wood, 21 App. Div. 245, 246). The Supreme Court has not invalidated section 1141 of the Penal Law. At page 148 of Smith v. California (361 U. S. 147), the opinion of the court states that the defendant was tried and convicted. And so the court holds that the local ordinance (Municipal Code of the City of Los Angeles, § 41.01), as construed and applied by the California courts to impose strict or absolute criminal responsibility not to have obscene books, i.e., disregarding the existence of a mens rea, nullified the conviction. That of course makes obsolete the holding in People v. Shapiro (6 A D 2d 271), that scienter is unnecessary to prosecution since the Legislature chose to keep it out of the Penal Law (§ 1141) (see N., Brooklyn L. Rev., XXVI, No. 2, April, 1960, p. 289). The constitutionality of section 1141 of the Penal Law, generally, has already been upheld by the Supreme Court of the United States (Doubleday & Co. v. New York, 335 U. S. 848, affg. the Court of Appeals [cited in Sunshine Pub. Co. v. City of New York, unpublished, U. S. D. C., S. D. N. Y., Metzner, J., Jan. 11, 1960]). A constitutionally valid prosecution for keeping an obscene book in stock to be sold is conceivable despite the lack of expression in the statute of scienter as an element of the crime providing knowledge is included as an element of the proof at the trial (22 C. J. S., Criminal Law, §§ 30, 31 et seq.; cf. People v. McGuire, 5 N Y 2d 523 which revd. a conviction because the information lacked the statutory ingredient of “ intent to sell ” and People v. Engel, 7 N Y 2d 1002, which revd. a conviction after trial on the authority of *1010 Smith, supra). It is clear that the prescribed requirement of a mens rea to sustain conviction need not necessarily be stated in the statute (22 C. J. S., Criminal Law, §§ 30, 31) hut is necessary proof to sustain conviction after trial (People v. Paolillo, 307 N. Y. 736; People v. Clark, 242 N. Y. 313, 328-329; cf. A. L. I. Model Penal Code, Tent. Draft No. 6 [1957], § 207.10, comment 14, which would create a presumption of knowledge in cases of obscenity).