M. Henry Martuscello, J.
Petitioner in this article 78 proceeding seeks an order prohibiting respondent court from trying him on a vagrancy charge pending before it on the ground that the law under which the prosecution was brought is on its face unconstitutional and therefore the respondent is without jurisdiction over the subject matter. Respondent cross-moves to dis *180 miss the petition on objection's in point of law pursuant to the provisions of CPLR 7804 (subd. [f]).
Petitioner was arrested and charged with vagrancy under subdivision 1 of section 887 of the Code of Criminal Procedure. Said statute reads as follows:
“ § 887. Who are vagrants. The following persons are vagrants:
“ 1. A person who, not having visible means to maintain him'self, lives without employment ’
Petitioner alleges that within two months of said arrest he was twice arrested and charged with the same offense, and that both charges were subsequently dismissed; that he has thus been subjected to three arrests and prosecutions under said vagrancy law within three successive months and has been put to considerable expense each time in raising bail and for counsel fees and has been subjected to unnecessary imprisonment including night confinement while awaiting arraignment.
Petitioner takes the position that the above-quoted subdivision 1 offends the Thirteenth and Fourteenth Amendments of the Federal Constitution in that it: (1) unreasonably restricts him in his personal liberty; (2) is vague and uncertain; (3) subjects him to involuntary servitude; (4) denies him equal protection of the law; and (5) deprives him of the privileges and immunities guaranteed by the Constitution. The contention that said subdivision was vague and uncertain was withdrawn by petitioner after the argument of the motion.
Respondent in support of its cross motion contends, among other grounds, that prohibition may not be invoked here since petitioner may challenge the constitutionality of the statute in question upon the trial or by appeal in the event of an adverse verdict. The availability of other means of redress does not preclude prohibition where the aggrieved party otherwise has a clear right to invoke such remedy (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; Matter of Murtagh v. Leibowitz, 303 N. Y. 311; Matter of Kraemer v. County Ct. of Suffolk County, 6 N Y 2d 363; Matter of Nolan v. Court of General Sessions, 15 A D 2d 78, affd. 11 N Y 2d 114). An unconstitutional law is void and an offense created by it is no crime (Ex parte Siebold, 100 U. S. 371, 377). Hence, if the statute under attack here is on its face unconstitutional, prohibition may be employed to restrain respondent from attempting to exercise jurisdiction which it plainly does not possess since the charge pending before it constitutes no crime. (Cf. Matter of Zucker v. Bloch, 24 Misc 2d 1008.) On the other hand, if petitioner does not have a clear *181 right to the relief he seeks, then he should be relegated to employing the usual procedures and remedies available to him (People ex rel. Burbank v. Wood, 21 App. Div. 245).
People ex rel. Stolofsky v. Superintendent (259 N. Y. 115, 118) states the historical background and purpose of the vagrancy statutes as follows: ‘ ‘ The background of all vagrancy statutes has been unemployment and pauperism with their incidental evils. The problem involved, simple at first, became more difficult with the increasing complexity of social organization. In addition to the impotent poor who are unable to support themselves, there came to be a class of able-bodied vagrants who supported themselves by preying on society and thus threatened the public peace and security. The former were dealt with by charity; the latter had to be and were dealth with by the criminal law. (Cf. 4 Holdsworth’s History of English Law, 388, 389.) The statutory history of the subject in this State discloses the same problem and the same method of dealing with it. The act of February 9, 1788 (1 R L. 114, Van Ness & Woodworth, 1813 ed.), differs but little in substance from the present statute ”.
The long and ancient history of the vagrancy laws is no guarantee of their constitutionality. Every statute, however, is presumed to be constitutional and every intendment is in favor of its validity (Farrington v. Pinckney, 1 N Y 2d 74, 78); and courts of the first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty are involved and invalidity of the act is apparent on its face (National Psychological Assn. v. University of State of N. Y., 18 Misc 2d 722, 726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298).
People v. Gillespi (15 N Y 2d 529) upholds the constitutionality of section 887 of the Code of Criminal Procedure with respect to subdivision 7 thereof, which deals with disguising one’s identity. But no case has been cited, and independent research has revealed none, where the constitutionality of subdivision 1 was directly raised and passed upon. However, the Law Revision Commission of this State, in reporting on a study of the provisions of the vagrancy statute (N. Y. Legis. Doc., 1935, No. 60[K], pp. 34-35; N. Y. Law Rev. Comm., 1935, pp. 620-621) made the following statement:
“ Section 887 (1) of the Code of Criminal Procedure is broader in defining as a vagrant ‘ a person who, not having visible means to maintain himself, lives without employment.’ The constitutionality of this subdivision of the New York statute is none too clear. It would not be held void for indefiniteness, since the term ‘ without visible means of support ’ is the classical phrase *182 employed in vagrancy statutes in almost every state, and has so often been construed that its meaning is well-defined. An objection that might be urged, however, is that it deprives the accused of due process in punishing mere idleness. It penalizes a state of being which the accused may, in times of unemployment, be helpless to remedy. The New York law, unlike the statutes upheld in Ex parte Strittmatter and Ex parte Karnstrom, does not require any act such as ‘ loitering ’ or ‘ wandering ’ to accompany the state of being without visible means of support. In sustaining the validity of the statute prohibiting ‘ tramping or wandering from place to place ’ without visible means of support, the court in the Kamstrom case remarked that it did not penalize mere poverty and that one going from place to place seeking employment was not within its terms. If the New York statute is to be construed to mean that it does not include persons without visible means of support who have made an honest effort to procure employment, it is defective in not so providing. To insure its constitutionality, subdivision 1 might be amended to include a provision like that appearing in the statutes of sixteen other states to the effect that the prohibition does not extend to those who make an honest effort to procure employment. The California statute might well be used as a model since it could not easily be attacked as unconstitutional for indefiniteness. It reads as follows:
‘ ‘ Every person without visible means of living who has the physical ability to work, and who does not seek employment, nor labor when employment is offered him, is a vagrant.”
The Court of Appeals in People v. Sohn (269 N. Y. 330, 334-335), which involved a conviction under aforesaid subdivision 1 of section 887, alluded to the foregoing statement, saying: “ The Commission refers us to the California statute as a model of legislation. It reads: ‘ Every person * * * without visible means of living who has the physical ability to work, and who does not seek employment, nor labor when employment is offered bim * * * is a vagrant.’ * * * We think this is what our statute does mean when the words * vagrants,’ ‘ visible means of support ’ and ‘ without employment ’ are used. Long usage has fixed their significance. These words taken together indicate that the thing aimed at is the loafer or lazy man, the one who hangs about streets and public places without employment or visible means of support when he could with effort obtain something to do. It would be absurd to say that one physically unable to work or an able-bodied person who could not get work came within the meaning of this section.” Thus, it would seem that the Court of Appeals has, if not explicitly, certainly *183 implicitly, upheld the validity of the statute challenged by petitioner.
Vagrancy, defined in varying terms, is a statutory offense in virtually every State. Some statutes in sister States, which define vagrancy in terms of mere idleness, or loitering, or association with persons of ill repute, have been stricken down as unconstitutional on the ground they either impose an unreasonable restraint upon personal liberty or are void for vagueness. As a generic classification, living in idleness or without employment and having no visible means of support constitutes vagrancy in 37 of the States which define the term; and statutes dealing therewith have withstood attacks upon their validity on the ground that the enactment thereof is a valid exercise of the police power (see Ex parte Strittmatter, 58 Tex. Cr. Rep. 156; Ex parte Branch, 234 Mo. 466; Ex parte Karnstrom, 297 Mo. 384; Ex parte Clancy, 112 Kan. 247; Ex parte Cutler, 1 Cal. App. 2d 273; cf. Ex parte McCue, 7 Cal. App. 765; see, also, Lacey, Vagrancy and Other Crimes of Personal Condition, 66 Harv. L. Rev., 1203, 1207-1209, and Perkins, the Vagrancy Concept. 9 Hastings L. J. 237, 253).
Edwards v. California (314 U. S. 160), cited by petitioner in support of his position, did not involve the constitutionality of a vagrancy statute but rather whether the prohibition embodied in a statute against the bringing or transportation of indigent persons into California was within the police power of that State. There, the court stated (p. 184): “ We should say now, and in no uncertain terms, that a man’s mere property status, without more, cannot be used by a state to test, qualify, or limit his rights as a citizen of the United States. ‘ Indigence ’ in itself is neither a source of rights nor a basis for denying them.” (Emphasis supplied.)
As indicated in People v. Sohn (269 N. Y. 330, supra), the statute under consideration here does not limit a person’s rights merely on the basis of his property status or on the basis of mere unemployment and consequently is not the kind of statute inveighed against in the Edwards case. The other cases cited by petitioner are inapposite since they involved statutes which imposed unreasonable restraints on personal liberty or were so vague as to set forth no ascertainable standards of guilt.
Petitioner has failed to show that he has a clear right to the relief sought and the cross motion is granted and the petition is dismissed.