**Charles FENSTER, Plaintiff,**

**v.**

**Howard R. LEARY, as Commissioner of Police of the City of New York, and Aaron E. Koota, as District Attorney of the County of Kings, Defendants.**

**No. 66 Civ. 1927.**

United States District Court
S. D. New York.

Dec. 6, 1966.

Judgment affirmed Feb. 13, 1967.

Emanuel Redfield, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel, New York City, Robert Bentley, of counsel for defendant Police Commissioner.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Joel Lewittes, New York City, of counsel for defendant District Attorney.

Before KAUFMAN, Circuit Judge, and MANSFIELD and TENNEY, District Judges.

## OPINION

TENNEY, District Judge:

On motion of plaintiff, a three-judge court has been convened pursuant to Title 28 U.S.C. § 2284 (1964). Plaintiff seeks an order enjoining the defendants from prosecuting him under subdivision 1 of Section 887 of the Code of Criminal Procedure of the State of New York, which plaintiff contends violates the fourteenth amendment by denying him due process of law, the equal protection of the laws, and by inflicting cruel and unusual punishment. He further contends that the statute is repugnant to the thirteenth amendment and denies him the privileges and immunities of citizens of the United States. Plaintiff also seeks a declaratory judgment that the statute is repugnant to the Constitution as already indicated, and a preliminary injunction pending the determination of this action.

Defendants Leary and Koota, while taking no position on the alleged unconstitutionality of the statute we are considering, request this Court to apply the traditional doctrine of abstention and to decline to exercise jurisdiction. While it is clear that this Court has jurisdiction pursuant to Title 28 U.S.C. § 1343 (3) (1964), and has the power to issue a declaratory judgment, Title 28 U.S.C. § 2201 (1964), for the reasons we shall state, we believe that the facts present a proper case for abstention, and accordingly the complaint will be dismissed.

The New York statute under attack reads as follows:

"Section 887. Who are vagrants

The following persons are vagrants:

1. A person who, not having visible means to maintain himself, lives without employment."

Under Section 892 of said Code of Criminal Procedure, a person found to be a vagrant may be committed to the penitentiary or county jail for a period not to exceed six months at hard labor. From the allegations of the complaint, it appears that plaintiff was arrested and charged with being a vagrant in violation of said statute on three occasions, viz., September 30, 1964, November 13, 1964, and December 11, 1964.

On each of the first two occasions plaintiff was, on the day of arrest, acquitted on the ground that the prosecution failed to establish sufficient facts to support a conviction of the plaintiff under the statute.

With respect to the third arrest, plaintiff commenced a proceeding in the nature of prohibition on December 13, 1964, in the Supreme Court of the State of New York, County of Kings. He sought a judgment against the Criminal Court of the City of New York prohibiting it from proceeding with his prosecution on the ground that § 887(1) was unconstitutional. A stay of the Criminal Court proceedings was granted, but on April 8, 1965, the Supreme Court dismissed plaintiff's petition (Fenster v. Criminal Court, 46 Misc.2d 179, 259 N.Y.S.2d 67). This dismissal was subsequently affirmed on October 25, 1965, by the Appellate Division of the Supreme Court, Second Judicial Department (24 A.D.2d 840, 263 N.Y.S.2d 1010 (mem.)).

An appeal taken to the Court of Appeals of the State of New York was grounded on claims of constitutional violations; that Court, however, affirmed the judgment on March 24, 1966, on the sole ground that the denial was within the discretion of the lower court. The Court of Appeals expressly stated that it reached no other question (17 N.Y.2d 641, 269 N.Y.S.2d 139, 216 N.E.2d 342). A motion to reargue was denied by the Court on June 2, 1966, and on June 27, 1966, the charge against plaintiff proceeded to prosecution in the Criminal Court. Once again he was, on the same date, acquitted on the ground that the prosecution failed to establish sufficient facts to support a conviction under the statute.

Plaintiff alleges that he was held in nighttime confinement, arraigned and subjected to the expense of furnishing bail and counsel fees. Plaintiff further alleges that he has been threatened with further arrests under said statute as recently as May of this year, and that he fears another arrest unless this Court affords him the relief requested herein.

Defendant Leary is presently Commissioner of Police of the City of New York, and defendant Koota is the District Attorney of the County of Kings. Defendant Leary has filed an affidavit herein denying knowledge of any such threats having been made against plaintiff, and further stating that the Police have no intention of again arresting plaintiff as a vagrant.

In Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which has been called "the fountainhead of federal injunctions against state prosecutions",[1] the power of a federal court to enjoin a prosecution by a state official under a state statute unconstitutional on its face was upheld. "Since that decision, however, considerations of federalism have tempered the exercise of equitable power, for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework."[2] Accordingly, such power will not be exercised save in exceptional cases "to prevent irreparable injury which is clear and imminent." Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1943).

In Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959), the Supreme Court vacated the judgment of a three-judge statutory court permanently enjoining officials of the Commonwealth of Virginia from enforcing certain statutes which imposed conditions upon the right to make public solicitation of funds and to expend such funds for litigation involving racial segregation. In referring to the doctrine of abstention, the Court stated that

> "[i]n the service of this doctrine, which this Court has applied in many different contexts, no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." Id. at 176, 79 S.Ct. at 1030.

---

1. Dombrowski v. Pfister, 380 U.S. 479, 483, 85 S.Ct. 1116, 1119, 14 L.Ed.2d 22 (1965).

2. Id. at 484, 85 S.Ct. at 1119. (Footnote omitted.)

The type of special circumstance calling for exercise of federal jurisdiction rather than adherence to the doctrine of abstention is found in the Supreme Court's recent decisions in Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964), and Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). The statutes in *Baggett* required a loyalty oath as a condition of employment for teachers and State employees. In finding that the administration of the oath constituted sufficient irreparable injury to warrant avoidance of the abstention doctrine, the Court reasoned that the inherent vagueness of the oath prevented the oath-taker from determining permissible future conduct so as to avoid violating his oath and exposing himself to prosecution.

The Court was also concerned that a delay in adjudication on the merits could be "costly where the vagueness of a state statute may inhibit the exercise of First Amendment freedoms." 377 U.S. at 379, 84 S.Ct. at 1326. Resort to the State courts, it pointed out, could result in "piecemeal" and unduly protracted litigation. To abstain, it argued, would not open the way for a State court determination of the constitutional issue which would terminate the litigation—it would serve to prolong the litigation during which time the existence of the challenged statutes would abridge free expression, and their threatened application would discourage or "chill" protected activities.

This theme was repeated in *Dombrowski*, where the Court emphasized that abstention was not appropriate where unconstitutional vagueness deters the exercise of first amendment freedoms. Moreover, in that case, the good faith of the enforcement officers was attacked and there seemed little likelihood of a successful resort to the State courts to vindicate the defendant's rights.

Thus, in both *Baggett* and *Dombrowski*, the Court concluded that the vagueness of the statutes could not have been eliminated except by multiple prosecutions in the State courts, and in both cases the Court refused to apply the doctrine of abstention when its application and the resort to the State tribunals would prove ineffective in vindicating constitutional rights, or, more particularly, the right of free expression.

The exceptional nature of the circumstances before the Court in *Dombrowski*, as distinguished from those presented here, was emphasized in the recent case of Zwickler v. Koota, 66–C–375 E.D.N.Y., Sept. 19, 1966, 261 F.Supp. 985, where a three-judge court abstained from a determination of the constitutionality of Section 781–b of the New York Penal Law which prohibits, among other things, the distribution of anonymous political literature in quantity. Zwickler had previously been convicted of a violation of this section. His conviction was subsequently unanimously reversed on the facts, the constitutionality of the statute not being reached. He expressed fear of future prosecution in view of his intention and desire to distribute further copies of the anonymous leaflet which had occasioned his prior arrest.

Although Zwickler relied heavily upon *Dombrowski*, the three-judge court, after full discussion of the doctrine of abstention, held, with one judge dissenting, that the case did not present the special circumstances to justify the exercise of Federal judicial equity power. The Court in *Zwickler*, noting that the Supreme Court's decision in *Dombrowski* did not repudiate the doctrine of abstention in all cases involving fourteenth amendment rights, emphasized the suitability of the New York provisions for a declaratory judgment action. N.Y.C.P.L.R. § 3001.

■ The instant case is clearly distinguishable from *Dombrowski* and *Baggett*. Plaintiff does not claim that the statute is vague or that prolonged litigation in the State courts would be required to determine its constitutionality. Neither does he claim that first amendment rights are involved. He asserts in his memorandum of law that to penalize a person because he is poor or is an idler is outmoded in today's society; that

vagrancy statutes have been improperly used, and, in his case, are employed as an instrument of harassment; that the statute is unconstitutional because it (a) "interferes with and impairs the liberty of a citizen to exercise his faculties as long as he does not interfere with others"; (b) "punishes a person because of his status"; (c) "requires involuntary servitude in violation of the Thirteenth Amendment"; (d) "denies plaintiff the equal protection of the laws"; and (e) deprives plaintiff "of the privileges and immunities guaranteed by the Federal Constitution." He also makes reference to cruel and unusual punishment, stating that repeated offenses may incur repeated penalties, an argument scarcely of constitutional dimensions.

Nowhere does plaintiff assert that the statute is facially unconstitutional "as abridging free expression" or that as in *Dombrowski* it has been applied for such purposes. The constitutional challenge to this statute which emerges is that the type of conduct, or "status", if you will, that is covered thereby cannot constitutionally be proscribed. There is no showing of inability to obtain vindication of plaintiff's constitutional rights in any subsequent state prosecution, either by preliminary motion attacking the statute's constitutionality or by motion to arrest judgment, with right of appeal from the trial court's determination. Clearly, the disputed claim of further harassment of plaintiff does not approach the dimensions of the harassment in *Dombrowski*, which "resembled only too closely those tactics employed by totalitarian regimes dedicated to suppressing freedom of expression." [3]

As heretofore, noted, no claim is made that the statute is so vague that resort to the State's declaratory judgment procedures would be unavailing, as was suggested in *Baggett*. This case, therefore, more closely resembles that described by the Supreme Court in *Baggett*, as follows:

"In the bulk of abstention cases in this Court, including those few cases where vagueness was at issue, the unsettled issue of state law principally concerned the applicability of the challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the constitutional issue and terminate the litigation." 377 U.S. at 376–377, 84 S.Ct. at 1325. (Footnotes omitted.)

Plaintiff's lack of success in seeking an order of prohibition in the New York courts does not call for exercise of Federal jurisdiction, since prohibition was the wrong remedy. The remedy of prohibition in New York is an extraordinary one, available only upon a clear showing that a court or body possessing judicial powers is exercising, or threatening to exercise, jurisdiction over matters not within its cognizance. N.Y.C.P.L.R. § 7801; People ex rel. Livingston v. Wyatt, 186 N.Y. 383, 79 N.E. 330, 10 L.R.A.,N.S., 159 (1906). It is viewed with caution, limited to cases of extreme necessity, resorted to with infrequency, and not favored. Cooley v. Wilder, 234 App.Div. 256, 255 N.Y.S. 218 (4th Dep't 1932); see Culver Contracting Corp. v. Humphrey, 268 N.Y. 26, 196 N.E. 627 (1935). As a general rule it is issued not as a matter of right, but only in the exercise of sound discretion, and then only where it is clearly shown that no other adequate remedy is available. Where a defendant in a criminal proceeding will have the opportunity to raise the question of the court's jurisdiction, either by motion at the commencement of trial or in arrest of judgment, with a right of appeal from an adverse decision, a prohibition order has been denied. Kenler v. Murtagh, 12 A.D.2d 662, 209 N.Y.S.2d 384 (2d Dep't 1960) (mem.); People ex rel. New York Disposal Corp. v. Freschi, 173 App.Div. 189, 159 N.Y.S. 23 (2d Dep't 1916); Rose v. McKean,

3. Concurring opinion of Kaufman, C. J., in Zwickler v. Koota, 66–C–375, E.D.N.Y. Sept. 19, 1966, 261 F.Supp. 985.

190 Misc. 982, 76 N.Y.S.2d 391 (Sup.Ct. 1948). And this principle has been invoked to avoid passing upon the constitutionality of a criminal statute. People ex rel. Burbank v. Wood, 21 App.Div. 245, 47 N.Y.S. 676 (2d Dep't 1897).

Unlike a petition for an order of prohibition, an action for a declaratory judgment (N.Y.C.P.L.R. § 3001) has been recognized in New York as a remedy available to a defendant seeking to test the constitutionality of a New York criminal statute under which prosecution is threatened. New York Foreign Trade Zone Operators, Inc. v. State Liquor Authority, 285 N.Y. 272, 34 N.E.2d 316 (1941); De Veau v. Braisted, 5 A.D.2d 603, 174 N.Y.S.2d 596 (2d Dep't 1958), aff'd, 5 N.Y.2d 236, 183 N.Y.S.2d 793, 157 N.E.2d 165 (1959), aff'd, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960).

"One of the very purposes of a declaratory judgment is to settle a serious question of law as to the validity of a statute which would be the basis of a threatened prosecution for crime, without requiring, as a prerequisite to judicial entertainment of the question, that interested parties first commit the very acts which are involved in the dispute and thereby run the risk of such prosecution (New York Foreign Trade Zone Operators v. State Liquor Authority, supra, 285 N.Y. page 278, 34 N.E.2d at page 319)." De Veau v. Braisted, 5 A.D.2d at 607, 174 N.Y.S. 2d at 600.

There is no suggestion that in a declaratory judgment proceeding the courts of New York would be less enlightened than the Federal courts.

Furthermore, should "special circumstances" arise which would not justify further abstention, plaintiff may seek appropriate relief in the Federal courts.[4]

The complaint is dismissed by order of this Court. Settle an order consistent herewith on or before ten (10) days from the date hereof.

4. See, e. g., Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).