Vincent A. Lupiano, J.
Plaintiff moves for summary judgment. He relies on his complaint alone. He purports to say that the police believed him to be a vagrant, that he was arrested on charges of vagrancy and has quickly sustained dismissals thereof, and that subdivision 1 of section 887 of the Code of Criminal Procedure is unconstitutional. He seeks judgment declaring the statute repugnant to the Hnited States Constitution and enjoining the defendant, his agents and assistants from arresting or prosecuting him under that statute. His counsel’s appeal is eloquent and scholarly.
Plaintiff alleges he was arrested and acquitted of a charge of vagrancy on September 30, 1964 and again on November 13, 1964. A third arrest was made on December 14, 1964. There was suspension of that prosecution and plaintiff was finally acquitted on June 29, 1966. Prior thereto, unconstitutionality was charged in a proceeding in the Supreme Court, State of New York, County of Kings, which this plaintiff instituted against the Criminal Court (46 Misc 2d 179, affd. 24 A D 2d 840, affd. 17 N Y 2d 641, mot. for rearg. den. 17 N Y 2d 918). At Special Term the proceeding was in the nature of prohibition to prohibit the Criminal Court from hearing and determining the case. *775 The petition was dismissed on the ground that since the statute was not, on its face, unconstitutional, the plaintiff had failed to show a clear legal right to the relief requested. The lower court stated: ‘ ‘ The statute under consideration here docs not limit a person’s rights merely on the basis of his property status or on the basis of mere unemployment and consequently is not the kind of statute inveighed against in the Edwards case.” (Matter of Fenster v. Criminal Ct., 46 Misc 2d 179, 183.) The Court of Appeals affirmed on the ground that the remedy was in the discretion of the court below. No other question was reached.
As noted, prosecution of the third charge resulted in dismissal on June 27,1966. Two days later, with the purpose of declaring the statute as repugnant to the Constitution and to enjoin its enforcement plaintiff instituted an action against this defendant in the Federal jurisdiction. Plaintiff applied for a three-Judge court based on the substantiality of his claim, and a three-Judge court was convened. Relief was denied on the ground of abstention, leaving the matter to State jurisdiction for the remedy of declaratory judgment. He appealed and the matter went to the United States Supreme Court where there was affirmance on February 13,1967 (386 U. S. 10).
The instant action for the same relief as sought in the District Court was instituted on February 20,1967. Issue was joined by the service of an answer on March 13,1967.
The subject statute provides:
“ § 887. Who are vagrants. The following persons are vagrants:
“1. A person who, not having visible means to maintain himself lives without employment ”.
The statute was construed in People v. Sohn (269 N. Y. 330, 334-335) as follows: “We think this is what our statute does mean when the words ‘ vagrants, ’ ‘ visible means of support ’ and 1 without employment ’ are used. Long usage has fixed their significance. These words taken .together indicate that the thing aimed at is the loafer or lazy man, the one who hangs about streets and public places without employment or visible means of support when he could with effort obtain something to do. It would be absurd to say that one physically unable to work or an able-bodied person who could not get work came within the meaning of this section.” Plaintiff argues the statute is used as a pretext for unlawful detention of persons before the commission of a crime, a cheap substitute for prosecution of more specific offenses. Inferentionally then, at least the statute provides punishment for offense. Yet, plaintiff concedes that the statute was *776 pronounced invulnerable to attack in Ms first action against the Criminal Court, And unless the exercise of police power is demonstrated to offend constitutional prohibition, it must be sustained as a valid exercise of legislative power.
Due process, plaintiff says, is denied since plaintiff has been deprived of the liberty which has been protected by the Fourteenth Amendment and which affords him the opportunity to pursue his life as he sees fit so long as he does not harm or interfere with others. As stated in People ex rel. Stolofsky v. Superintendent of State Inst. for Male Defective Delinquents (259 N. Y. 115, 118): “ The background of all vagrancy statutes has been unemployment and pauperism with their incidental evils. The problem involved, simple at first, becomes more difficult with the increasing complexity of social organization * * * there came to be a class of able-bodied vagrants who supported themselves by preying on society and thus threatened the public peace and security.”
The existence of similar vagrancy statutes was noted in Matter of Fenster v. Criminal Ct. of City of N. Y. (46 Misc 2d 179,183): where the court stated that “as a generic classification, living in. idleness or without employment and having no visible means of support constitutes vagrancy in 37 of the States which define the term; and statutes dealing therewith have withstood attacks upon their validity on the ground that the enactment hereof is a valid exercise of the police power.”
The object is to prevent the breeding of crime, or, in the alternative, to prevent able-bodied men becoming public charges. Plaintiff urges the vagrancy law is a matter of antiquity which, when adopted as early common law, had reason for existence to protect against the wandering vagrant in a rural society. The vagrant may now wander less and, of course, our society is increasingly urbanized. If the vagrancy law has lost its force or reason for existence, the matter would be one for legislative attention. However, the suggested change in the condition of the vagrant does not remove the need to secure the objectives of the statute. Due process is not denied if there is reasonable relationship between the statute and the evil encountered. Such relationship, in my opinion, does exist.
Plaintiff does not urge vagueness. On the contrary, the statute is clear as to the offense, and it is for that offense that punishment is inflicted. Nor is the statute directed against the poor merely on the ground of indigence. This is thus made clear in Matter of Fenster v. Criminal Ct. (supra). Plaintiff relies on Edwards v. California (314 U. S. 160). There, however, interstate commerce and other considerations were involved.
*777 Equal protection of the law is not denied if the statute affects all alike who are similarly situated. (People v. Sohn, supra; Yick Wo v. Hopkins, 118 U, S. 356.) Of course, the conditions and definitions as prescribed by statute and judicial decision must be met to warrant the charge and conviction.
There is further contention that the statute compels involuntary servitude. The analogy is quite inapposite. The phrase “ visible means of support ” does not require resort to unlawful means prohibited by the Thirteenth Amendment of the United States Constitution (People v. Cramer, 139 Misc. 545). Neglect to seek employment is one of the conditions for charge and conviction, but the compulsion to be free from neglect does not, ipso facto, produce involuntary servitude in the context of the Thirteenth Amendment (People v. Banwer, 22 N. Y. S. 2d 566). Finally, the statute denies to a person the right to be idle only if such idleness is the result of absence of visible means of support while there is neglect of effort to obtain employment.
In all the circumstances, plaintiff fails to state a cause of action and the complaint is without merit. The motion is disposed of awarding judgment of dismissal to the defendant.