Edward D. **WASHINGTON** et al., Plaintiffs,

v.

Bernard **GARMIRE** et al., Defendants.

Civ. No. 70-150.

United States District Court,
S. D. Florida,
Miami Division.

Sept. 28, 1970.

Elizabeth J. DuFresne, Roberta F. Fox and Alfred Feinberg, of Legal Services Program, Inc., Miami, Fla., for plaintiffs.

Alan H. Rothstein, City Atty., and Stanley R. Sterbenz, Asst. City Atty., Miami, Fla., for defendants.

ATKINS, District Judge.

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by plaintiffs. The motion is directed to the first cause of action which presents a facial attack upon the constitutionality of Chapter 38, § 26, City of Miami Code (making it a crime to loiter or prowl). Argument was heard on the regular motion calendar held March 30, 1970. The Court reserved ruling.

On February 6, 1970 this Court entered a temporary injunction restraining the pending criminal prosecution of plaintiff Merron Maxwell, Jr. Subsequently, pursuant to stipulation, this Court entered an order granting leave to David Burroughs to proceed as a named plaintiff and restraining the prosecution of him under the same ordinance.

On the regular motion calendar, March 9, 1970, Defendants brought on for hearing their Motion to Dismiss and to Dissolve Temporary Injunction. The Court denied the motion. On June 26, 1970 the Court requested the parties to submit memoranda of law going to the effect of the recent decision of the United States Supreme Court in Atlantic Coast Line R. R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234, (June 8, 1970) [hereinafter referred to as ACL].

The Court has received the requested memoranda and has carefully reconsidered its prior rulings in this case. It is now apparent to the Court that both rulings should be reversed and the case dismissed.

The Complaint presents two causes of action. The first is a facial attack upon the constitutionality of the subject city ordinance. The second challenges the constitutionality of the subject ordinance in its application. There is a prayer that the case be allowed to proceed as a class action pursuant to Rule 23 Federal Rules of Civil Procedure. By way of relief plaintiffs seek both a declaratory judgment and a permanent injunction as authorized by Title 42 U.S.C.A. Section 1983. Jurisdiction is invoked under Title 28 U.S.C.A. Sections 1343(3) and 2201, 2202.

■ The *ACL* case has put added emphasis upon the strength of the prohibition against enjoining pending state prosecutions found in the anti-injunction statute, Title 28 U.S.C.A. Section 2283. Section 2283 is not merely a rule of comity which may give way when circumstances dictate.[1] There are, however, three statutory exceptions to the rule against enjoining pending state court proceedings: (1) Where expressly authorized by Act of Congress; (2) Where necessary in aid of the federal courts' jurisdiction; and (3) Where necessary to protect or effectuate the judgments of the federal court.

Plaintiffs argue that they fall within all three exceptions. It is first argued that Title 42 U.S.C.A. Section 1983 is an Act of Congress within the meaning of Section 2283. At least two Circuit Courts of Appeal have come to opposite conclusions on this issue. Compare Cooper v. Hutchinson, 184 F.2d 119, 124 n. 11 (3 Cir. 1950) with Smith v. Village of Lansing, 241 F.2d 856, 859 (7 Cir. 1957). The Supreme Court and the Fifth Circuit have declined to answer this question. *See,* Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Machesky v. Bizzell, 414 F.2d 283 (5th Cir. 1969).

■ This court declines to decide this question since it is unnecessary to reach it. Assuming arguendo that this Court has the power to issue the requested injunction, it appears that such action

---

1. The Fifth Circuit has recently indicated that it has considered Section 2283 a rule of comity. Machesky v. Bizzell, 414 F.2d 283 (5th Cir. 1969); Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969).

would be inappropriate because of the lack of an equitable basis to do so. There has been no irreparable injury alleged beyond that of the normal incidence of a criminal prosecution. This is not sufficient to establish irreparable injury necessary to invoke the equitable jurisdiction of this Court. *See,* Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

■ Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) presented a situation where, although no state court proceeding was pending at the time of the filing of the complaint, state court action was threatened. While some of the named plaintiffs in the case sub judice are not the subject of pending prosecutions, they may very well be threatened with the same. *Dombrowski,* however, requires that even in the threatened proceedings situation the federal court must find "special circumstances" before it should allow its equitable powers to be invoked. There are at least two elements to establish "special circumstances" beyond those normally incident to a state court proceeding: (1) a showing that the state is bringing the action in bad faith with no expectation of prevailing; and (2) that the intent or effect of the state action is the production of a chilling effect on First Amendment rights.

■ The Complaint in this case makes certain broad allegations that the defendants invoked the subject ordinance for the purpose of harassing the named plaintiffs. Whether this constitutes an allegation of bad faith on the part of the defendants or whether prosecutions are brought without hope of obtaining a conviction is not necessary to be decided.[2] There is nothing in the Complaint that even remotely demonstrates any attempt on the part of the named plaintiffs to exercise a First Amendment right at the time they were arrested. Neither is there any allegation that any rights have been "chilled."

[5] Plaintiffs argue, additionally, that the facts of the case sub judice also meet the second and third exceptions to Section 2283. The Court cannot agree. An injunction cannot issue in aid of jurisdiction because the Court is declining jurisdiction in deference to the pending state court proceeding, assuming arguendo that the Court does have jurisdiction by virtue of Section 1983. The only judgment of this Court that can be enforced is the declaratory judgment of unconstitutionality that plaintiffs are seeking. For the reasons below the Court is also declining to enter such a judgment. Therefore, there is and will be no judgment to enforce.

■■ The Court is compelled to conclude that there is no equitable basis upon which this Court could justify the disruption of the normal processes of the state court proceedings. The Court might reach a different conclusion if there were any reason to think that the state courts would not or will not adequately deal with the federal constitutional issues. The presumption is to the contrary. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). The Court should emphasize that this is a pending criminal proceeding. There appears to be no reason why the federal constitutional issues cannot be raised by way of defense in the state proceeding and appealed, if necessary, through the state court system to the United States Supreme Court. *See,* City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed. 2d 654 (1960); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The Court, therefore, finds that the plaintiffs are not entitled to injunctive relief.

■ Plaintiffs contend that the court proceeding sought to be enjoined is not a state proceeding within the meaning of Section 2283. This argument has the

---

2. Defendants have attached to their Motion to Dismiss seven convictions obtained under the challenged ordinance.

seemingly anomalous effect of saying on the one hand that for purposes of establishing jurisdiction under Title 28 U.S.C.A. Section 1343 and Title 42 U.S. C.A. Section 1983 the municipal ordinance is a state ordinance but that for purposes of the anti-injunction statute the municipal court is not a state court. This Court feels that a municipal court is a state court for the purposes of the anti-injunction statute. Although the United States Supreme Court has not expressly ruled on the subject, it must be inferred that they are in accord with this interpretation. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943) [wherein a city ordinance was involved but the court made no distinction between a state statute and a city ordinance]. *See also,* Vick v. Schiro, 296 F.Supp. 173 (E.D.La.1969).

 Although injunctive relief is unavailable to the plaintiffs, the Court is compelled to consider separately whether plaintiffs are entitled to declaratory relief. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Relief, however, under Title 28 U.S.C.A. Section 2201 remains discretionary, not mandatory. Shaw v. Garrison, 293 F.Supp. 937 (E.D.La.1968), [three-judge court] (dictum), aff'd, per curiam, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392 (1968); Vick v. Schiro, 296 F.Supp. 173 (E.D.La.1969).

 The principles governing the exercise of jurisdiction under the Declaratory Judgment Act need not be restated here. *See generally,* Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948); Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The import of these principles for the case sub judice, in light of *Zwickler, supra,* is that discretion should be exercised in favor of declining jurisdiction where the same issue is pending in litigation elsewhere. Although it does not appear that the federal constitutional issues have been raised in the pending state criminal proceeding there is no indication that these federal plaintiffs cannot raise them by way of defense. Fenster v. Leary, 264 F.Supp. 153 (S.D. N.Y.1966) [three-judge court], aff'd. per curiam, 386 U.S. 10, 87 S.Ct. 862, 17 L.Ed.2d 701 (1967). In the interest of comity and orderly state processes this Court must decline to take jurisdiction. Two problems are thereby avoided. First, this ruling prevents the situation whereby the "ingenious lawyers can delay state prosecutions and involve two courts" in the same case. Vick v. Schiro, 296 F.Supp. 173, 178 (E.D.La.1969). Secondly, the burden of determining constitutional issues is properly placed in the first instance on the first court to have the opportunity to decide them. The principle of honoring the suitor's choice of forums is inapposite. There is no reason to assume that the rights of the federal plaintiffs will not be adequately protected by the state courts. Douglas v. City of Jeannette, *supra;* Wilson v. Simon, 299 F.Supp. 305 (N.D. Ill.1969); Dade County Classroom Teachers' Association v. Nathan, 413 F.2d 1005 (5 Cir. 1969).

The Court does not ignore the language in *Zwickler* concerning the justification for abstention where a state court construction would "avoid or modify the constitutional question." This state court construction argument is seemingly limited to constitutional challenges for vagueness. *See,* Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga.1967) [three-judge court]. Here we have the additional challenge of overbreadth which if it affected First Amendment rights might require this Court to take jurisdiction. This argument, again, is inapposite. In the case before this Court, there is a pending criminal prosecution, First Amendment rights are not involved and no irreparable injury is threatened. The opposite of each of these existed in the *Zwickler* case. Shaw v. Garrison, 293 F.Supp. 937 (E.D.La. 1968) [three-judge court], aff'd. per curiam, 393 U.S. 220, 89 S.Ct. 453, 21

L.Ed.2d 392 (1968). Accordingly, declaratory relief is denied.

 Plaintiffs argue that the maintenance of this action as a Rule 23 class action prevents the failure of the action should the named plaintiffs lose standing or be denied relief. The Court cannot accept this position. When the Court dismisses the complaint for lack of jurisdiction, the entire complaint fails. The class is not separately entitled to relief. The rights of the class, assuming a proper class could be constituted, will be adequately protected by a decision on the merits in the pending state court proceeding. *See,* Vick v. Schiro, 296 F.Supp. 173 (E.D.La.1969).

It is therefore ordered and adjudged as follows:

(1) The Motion for Summary Judgment filed by the plaintiffs be and the same is hereby denied.

(2) The temporary injunction entered February 6, 1970 be and the same is hereby quashed.

(3) The complaint be and the same is hereby dismissed without prejudice for lack of proper federal jurisdiction.