■ In the Matter of JEFF SINCLAIR, Appellant, v DIVISION OF LICENSING OF THE DEPARTMENT OF STATE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered April 1, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Division of Licensing of the Department of State denying petitioner's request for appointment as a notary public. Petitioner, a convicted predicate felon, is presently an inmate at the Attica Correctional Facility serving a term of imprisonment of 7½ to 15 years. By letter dated March 10, 1982, petitioner requested appointment as a notary public from respondent. Respondent denied petitioner's request and advised that, due to petitioner's felony conviction, he could not be so appointed unless he received either a certificate of good conduct or an executive pardon (Executive Law, § 130). The instant CPLR article 78 proceeding ensued and Special Term dismissed petitioner's application. Petitioner contends that section 130 of the Executive Law is unconstitutional in that it erects an absolute bar to the appointment of felons to the office of notary public and utilizes an irrational criterion, i.e., a prior felony conviction, for an assessment of fitness. We disagree. By its terms, the statute conditions appointment of a convicted felon upon the receipt of an "executive pardon * * * or a certificate of good conduct from the parole board to remove the disability" (Executive Law, § 130). The issuance of a certificate of good conduct is provided for by section 703-b of the Correction Law, which authorizes the State Board of Parole to issue a certificate when satisfied that: "(a) The applicant has conducted himself in a manner warranting such issuance * * *; (b) The relief to be granted by the certificate is consistent with the rehabilitation of the applicant; and (c) The relief to be granted is consistent with the public interest." In our view, when the conditional disqualification set forth in section 130 of the Executive Law is read in conjunction with the standards governing the issuance of a certificate of good conduct, the statutory scheme does not work an irrational or permanent bar to a convicted felon seeking appointment as a notary public (see *Benjamin v Paterson,* US Dist Ct, NDNY, April 21, 1982, McCurn, J.). We further conclude that the criterion included in section 130 for assessing fitness of an applicant, i.e., a prior felony conviction, is entirely rational in view of the responsibilities attendant the office of notary public (*De Veau v Braisted,* 363 US 144, 157-160, affg 5 NY2d 236; *Hawker v New York,* 170 US 189; see *Matter of Patterson v Department of State,* 35 AD2d 616, 617). Nor can we agree that respondent's refusal to appoint petitioner as a notary public was violative of either subdivision 3 of section 290 and subdivision 15 of section 296 of the Executive Law, part of the State Human Rights Law, or section 752 of the Correction Law, pertaining to the licensing of persons convicted of criminal offenses. Article 23-A of the Correction Law, by which subdivision 15 of section 296 of the Executive Law and section 752 of the Correction Law are qualified, does not apply "where a mandatory forfeiture, disability or bar to employment is imposed by law, and has not been removed by an executive pardon * * * or certificate of good conduct" (Correction Law, § 751). Here, section 130 of the

Executive Law stands as such a mandatory forfeiture and thus no violation of the recited provisions is present. Accordingly, the judgment should be affirmed in all respects. Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.